## 36552. WAINWRIGHT *v.* JEFFERSON.

DECIDED FEBRUARY 15, 1957—REHEARING DENIED MARCH 11, 1957.

W. J. Patterson, Jr., for plaintiff in error.

James R. Venable, Al Jennings, contra.

FELTON, C. J. The evidence showed that the defendant gained title to the house trailer by virtue of a bill of sale from one Horace Burgamy dated October 7, 1954. She testified that she had never transferred her title or interest in the trailer to anyone. The plaintiff claims title by virtue of a bill of sale from Joseph H. Smith dated July 3, 1956. The defendant contended and testified to the effect that Joseph H. Smith never held title to the trailer and never had a right to convey title thereto to another. She testified that Smith had possession of the trailer because she had lent it to him for him to live in. The following contract was introduced in evidence:

"May 18th, 1956.

"I, Joseph H. Smith do hereby under contract to_____ _____to complete one house on Hollingsworth Road, contract includes, putting sheetrock with bedding and taping, all trimwork inside putting in kitchens cabinets, tiling bath room, complete siding on outside, repairing roof.

signed this 5-18-56

by Joseph H. Smith /s/

for the above work, the owner, Rosa M. Jefferson /s/ turn over to the above contractor one house trailer, 28 feet long, as is.

signed and seal J. A. Poole

Notary Public

com expire 4-4-58

(Seal Imprinted)"

The defendant testified that she lent Smith the trailer prior to the time the above contract was entered into and that she was to later execute to Smith a bill of sale on the trailer after he had completed the work called for in the contract.

The issue in the case is whether the evidence demanded a finding that Smith either had title to the trailer or had such posses-

sion and use of the trailer as would estop the defendant from denying that the plaintiff as a bona fide purchaser had gotten title from Smith.

Assuming that the contract between Smith and the defendant was a valid and enforceable contract, it was insufficient to convey title to the trailer to Smith. The only reasonable construction that can be placed thereon is that the defendant would convey title to Smith after he had completed the described work. The evidence was undisputed that Smith had not done any of the work called for in the contract. The mere putting of personal property in the possession of another so that he is given the opportunity to dispose of it is not sufficient to estop the owner. See cases cited in the special concurrence of *Padgett* v. *Collins*, 89 *Ga. App.* 769, 779 (81 S. E. 2d 309). In the instant case the evidence shows that Smith had bare possession and user. The evidence did not show that he had unrestricted and unqualified possession of the trailer to deal with and use as his own as would enable him to convey title to a bona fide purchaser.

Since the evidence authorized the judge's finding in favor of the defendant, a verdict was not demanded for the plaintiff; therefore, the court did not err in denying the plaintiff's motion for new trial.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*