29046. ALLEN v. THE STATE.
29047. MACK v. THE STATE.

NICHOLS, Presiding Justice.

Jimmie Lee Allen and Charles Mack were indicted and convicted on a multiple count indictment of rape and kidnapping. The evidence adduced upon the joint trial authorized a finding that Allen accosted a female and her male companion at about 8:30 p.m. while they were walking on a street in the City of Atlanta, Fulton County, Georgia, placed a pistol to the cheek of the male and

forced them to walk to the corner of an intersection some two blocks away where Mack drove up in an automobile. At that point the female victim of the rape and kidnapping was forced into the automobile and driven to three separate locations where Allen and Mack each raped her at each location. She was then driven back to the general area where Allen first accosted her and she was there released. Her companion had reported the incident to the police who were waiting at her dormitory room when she arrived. She was immediately taken to a hospital where she was examined by a physician. Three or four days later she saw an automobile near her dormitory and recognized it from the make, color and a missing headlight. She recognized one of the defendants from his clothing and hat. This information was reported to the police. Three or four days later an automobile meeting the description was stopped after a high speed chase with both defendants therein. A pistol resembling the one used in the kidnapping and rapes was found under the front seat.

1. The evidence authorized the verdicts of guilty. Much of the appellants' argument concerning identification, etc. was decided adverse to the appellants' contentions by the jury. Such questions were questions for the jury; and where such findings were authorized by the evidence, they will not be disturbed on review by this court. Nor was the evidence objected to (the pistol) obtained as the result of an unlawful search of the defendant Mack's automobile.

2. "'It has been held by this court many times that, when improper argument is made to the jury by an attorney for one of the parties, it is necessary, in order to make the same a basis for review, that opposing counsel make proper objection to it at the time made or invoke some ruling or instruction from the court respecting it, either by way of reprimanding counsel, or of instructing the jury to disregard it, or of declaring a mistrial. A party cannot during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later.' *Joyner v. State,* 208 Ga. 435, 438 (67 SE2d 221); *Cochran v. State,* 213 Ga. 706 (100 SE2d 919)." *Daniels v. State,* 230 Ga. 126 (2) (195 SE2d 900).

"It is well settled that an objection to the admission of evidence may not be raised for the first time on appeal. See *Clenney v. State,* 229 Ga. 561 (3) (192 SE2d 907). Nor may an objection be raised on appeal where no objection was made during the trial to argument of counsel. See *Hart v. State,* 227 Ga. 171 (3) (179 SE2d 346), and citations." *McAllister v. State,* 231 Ga. 368 (1) (202 SE2d 54).

Accordingly, the contention made for the first time in this court that the trial court erred in admitting evidence, although no objection was made, and that the trial court erred in not prohibiting the state's attorney from referring to such evidence in his closing argument, although no objection was made, presents nothing for review.

3. After the jury found both defendants guilty on both counts, the trial court directed the jury to sentence the defendants to life imprisonment on the kidnapping count of the indictment. The question of punishment on the rape count was then submitted to the jury. After the jury had deliberated for approximately an hour, the court withdrew such question from the jury and sentenced each defendant to a term of twenty years on the rape count to run concurrently with the life sentences.

Under decisions exemplified by *Hensley v. State,* 228 Ga. 501 (186 SE2d 729), and *Smith v. State,* 228 Ga. 293 (185 SE2d 381), there was no abuse of discretion by the trial court in removing the question of the sentence on the rape count from the jury's consideration after approximately one hour and sentencing the defendants on such count.

Under the kidnapping statutes (Code Ann. § 26-1311) there are at least three categories of kidnapping, to wit: kidnapping, kidnapping for ransom and kidnapping with bodily injury to the victim. In simple kidnapping cases the sentence is one to twenty years. In the other two cases the sentence is either life imprisonment or death.

In *Bryant v. State,* 229 Ga. 60 (189 SE2d 435), the defendant, like the defendants here, was charged in a multiple count indictment with kidnapping and rape. Sentences of 10 and 20 years were entered on such counts of the indictment.

In *Henderson v. State,* 227 Ga. 68 (179 SE2d 76), the defendant was charged in a three-count indictment with murder (one victim), kidnapping and rape of a second victim and rape of the second victim. The trial court, on motion, struck the rape count from the indictment and thereafter the defendant was convicted on the other two counts. His death sentences were later vacated and life sentences imposed. See *Sullivan v. State,* 229 Ga. 731 (194 SE2d 410).

In *Krist v. State,* 227 Ga. 85, 89 (179 SE2d 56), this court discussed the fact that under former law "kidnapping for ransom" was a higher grade of the crime of "kidnapping."

Thus, the indictment here was for the lower grade of kidnapping for which a sentence of from one to twenty years is provided.

While the rape of the victim is sufficient evidence of bodily injury to permit the imposition of a greater sentence (*Henderson v. State,* supra), yet the indictment must be for the higher grade of kidnapping in order to authorize such greater sentence.

Here the rape was a separate crime arising out of the same transaction and under Code Ann. § 26-506 evidence of such rape could not be used as a basis for the separate conviction of the rape count *and* to authorize a conviction of kidnapping with bodily injury to the victim, even if the indictment had charged such crime.

The convictions on both counts of the indictment are affirmed as are the sentences on the rape count. The sentences on the kidnapping count are reversed with direction that the trial court enter sentences of between one and twenty years on such count of the indictment. Compare *Cofer v. Hopper,* 233 Ga. 155, as to the authority of the court to determine such sentences.

*Judgments affirmed in part; reversed in part with direction. All the Justices concur, except Gunter, J., who concurs in the judgments only.*

Case No. 29046; SUBMITTED JULY 26, 1974 — Case No. 29047; ARGUED OCTOBER 17, 1974 — DECIDED OCTOBER 29, 1974 — REHEARING DENIED NOVEMBER 18, 1974.

*Horton J. Greene,* for Allen.
*Andrew J. Hairston,* for Mack.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney, Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant Attorney General,* for appellee.