## 49775. COPELAND v. THE STATE.

QUILLIAN, Judge.

The defendant was indicted, tried and convicted for the offense of violation of the Uniform Narcotic Drug Act in that he illegally and unlawfully sold cocaine, and was duly sentenced in conformity with the verdict of the jury. His motion for new trial was overruled and an appeal was taken. The Supreme Court has transferred the appeal to this court. *Held:*

1. The first enumeration of error sets out that the trial court erred in overruling the motion for new trial which urged the usual general grounds. This court in construing the general grounds has held that it raises the sole question of whether the verdict and judgment are authorized by the evidence. *Brown v. State,* 15 Ga. App. 115 (82 SE 634); *Wainwright v. Jefferson,* 95 Ga. App. 304 (97 SE2d 599). If there was any evidence to sustain the judgment rendered then it cannot be reversed under these grounds. *Burse v. State,* 41 Ga. App. 364 (153 SE 91); *Smith v. State,* 95 Ga. App. 775, 776 (98 SE2d 606).

The defendant here attempts to raise the question under this first enumeration of error that the trial judge failed to charge on alibi when alibi was the defendant's sole defense. It is well recognized that the defendant is limited to the grounds of his enumeration of error. *Rider v. State,* 226 Ga. 14 (2) (172 SE2d 318). See *Calhoun v. Patrick,* 116 Ga. App. 303 (157 SE2d 31). Under the circumstances here the defendant could not properly urge the issue he seeks to raise for the first time in the argument of his brief.

We further point out that the evidence was not sufficient to require a charge on alibi. The first enumeration of error is without merit.

2. The second enumeration of error contends that the trial court erred in allowing the state to conceal or not to reveal the identity of an informer who was present when the alleged transaction charged against the defendant occurred in violation of the defendant's constitutional rights under the 6th and 14th Amendments to the United States Constitution.

This issue arose when defendant's counsel was cross examining a witness for the state. The following questions and answers were given: "Q. Did your informer see this whole transaction? A. Yes. Q. And who is your informer? A. I can't identify him."

Although it is now insisted that the court should have conducted an in camera investigation of this matter, no such motion was made during the trial. In *Estevez v. State,* 130 Ga. App. 215 (2) (202 SE2d 686), we pointed out, "while it is true that the informant was a witness to the transaction, the informant's testimony was not essential to the defendant's conviction. The fact that the informant is a witness is not controlling where such evidence is not necessary to obtain a conviction." In *Welch v. State,* 130 Ga. App. 18 (3) (202 SE2d 223), this court noted: "Georgia's public policy supports the nondisclosure privilege." The opinion then held that where the informer was the individual who "introduced" the defendant to the agent then the defendant would certainly have equal knowledge as to the informer's identity. We therefore hold that under the circumstances of this case the trial judge did not commit harmful error.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

Submitted October 7, 1974 — Decided January 16, 1975.

*Jacques O. Partain, III,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Donald G. Frost, Joel M. Feldman, Assistant District Attorneys,* for appellee.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*