## 53299. BELL v. THE STATE.

SHULMAN, Judge.

Defendant was tried on two indictments for violations of the Georgia Controlled Substances Act. He brings this appeal from a verdict of guilty on one of the charges.

1. As the consolidation for trial of the two separate indictments was done at the request of defendant's trial counsel, there is no error. Moreover, it is clear that no harm resulted to this defendant from the consolidation because the jury returned a verdict of not guilty on one of the indictments.

2. Early in the trial a police officer was permitted to testify to the contents of a conversation with an informant. In that conversation the informant related to the officer the contents of another conversation which he had overheard. This is the only cited instance of hearsay. The court admitted the testimony solely for the purpose of explaining the officer's course of conduct, and carefully instructed the jury on the nature of the testimony and its limited purpose. The admission into evidence of testimony such as this is not error, especially where it is preceded by specific instructions by the court. Code Ann. § 38-302; *Lloyd v. State,* 139 Ga. App. 625 (2) (229 SE2d

106); *Braden v. State,* 135 Ga. App. 827 (3) (219 SE2d 479). That this testimony was not damaging to the defendant is illustrated by the fact that it related solely to the charge of which the defendant was found not guilty.

3. An informant was used by the undercover police officer in contacting the defendant. The name of the informant was not disclosed at trial and it is asserted that this constitutes reversible error. We do not agree. "Where a person merely takes an undercover police officer to a location and identifies, or introduces the officer to the defendant, and the officer arranges for and buys contraband from the defendant, and the person witnesses such sale, or alleged sale, such person is an informer and not a 'decoy' and a disclosure of his name, address, etc., to the defendant is not required as a matter of law under · Code § 38-1102, but rests in the discretion of the trial judge, balancing the rights of the defendant and the rights of the state under all the facts and circumstances. [Cits.]" *Taylor v. State,* 136 Ga. App. 31 (2) (220 SE2d 49). See *Welch v. State,* 130 Ga. App. 18 (3) (202 SE2d 223). Furthermore, at no time did the defendant request disclosure of the informant's identity. See *Copeland v. State,* 133 Ga. App. 713 (2) (213 SE2d 17).

4. The defendant contends that the state's closing argument was inflammatory and prejudicial. This is without merit. A careful reading of the argument reveals no comment which was not either supported by the evidence or properly inferred therefrom. The argument, moreover, also contained references to the jury's responsibility not to impute perjury to any witness and its responsibility to follow the court's charge on the law. Additionally, defense counsel did not object at any time to the state's argument. See *Allen v. State,* 233 Ga. 201 (2) (210 SE2d 680); *Partain v. State,* 139 Ga. App. 325 (3) (228 SE2d 292); *Singleton v. State,* 138 Ga. App. 706 (2) (227 SE2d 472).

*Judgment affirmed. Quillian, P. J., and Stolz, J., concur.*

SUBMITTED JANUARY 12, 1977 — DECIDED FEBRUARY 11, 1977.

*Herbert Shafer,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Assistant District Attorneys,* for appellee.