PRESNELL v. GEORGIA

No. 77-6885.   Decided November 6, 1978

PER CURIAM.

Petitioner was indicted and found guilty by a jury of three capital offenses—rape, kidnaping with bodily injury, and murder with malice aforethought.  Under Georgia law, a jury may impose the death penalty if it finds that the offender committed a capital felony under at least 1 of 10 statutorily enumerated aggravating circumstances.  Ga. Code § 27–2534.1 (b) (1975).  The only such circumstance relevant here is that

"[t]he [capital] offense . . . was committed while the offender was engaged in the commission of another capital felony . . . ."  § 27–2534.1 (b)(2).

At the penalty phase of petitioner's trial, the jury was instructed that it could impose the death penalty (1) for rape if that offense was committed while petitioner was engaged in the commission of murder, (2) for kidnaping with bodily injury if that offense was committed while petitioner was engaged in the commission of rape, or (3) for murder if that offense was committed while petitioner was engaged in the commission of "kidnapping with bodily harm, aggravated

sodomy." The jury found that all three offenses were committed during the commission of the specified additional offenses, and it imposed three death sentences on petitioner.

On appeal, the Supreme Court of Georgia held that the first two death sentences imposed by the jury could not stand. 241 Ga. 49, 52, 64, 243 S. E. 2d 496, 501, 508 (1978). Both sentences depended upon petitioner's having committed forcible rape, and the court determined that the jury had not properly convicted petitioner of that offense.[1]

In addition, the Supreme Court of Georgia held that the State could not rely upon sodomy as constituting the bodily injury associated with the kidnaping.[2] Nonetheless, despite the fact that the jury had been instructed that the death penalty for murder depended upon a finding that it was committed while petitioner was engaged in "kidnapping with bodily harm, *aggravated sodomy*" (emphasis added), the Georgia Supreme Court upheld the third death penalty imposed by the jury. It did so on the theory that, despite the

---

[1] Petitioner was indicted and found guilty by the jury of "rape." Because the jury had been instructed both on forcible and statutory rape, but did not in its verdict specify which offense it had found, the Supreme Court of Georgia interpreted the "rape" conviction as one for statutory rape—an offense that includes no element of bodily harm. Moreover, there was no jury finding of forcible rape at the penalty phase of the trial.

[2] Although the Georgia Supreme Court did not explain this holding, the holding itself is unambiguous. First, the Georgia court unequivocally stated:

"The only evidence of bodily injury, to support the crime of the kidnapping with bodily injury of the older child, is the bodily injury which resulted from the rape of that child." 241 Ga., at 52, 243 S. E. 2d, at 501. Second, after concluding that the evidence of forcible rape could supply the bodily injury element of the crime of kidnaping, the Georgia court added:

"The state's attempted reliance upon sodomy as constituting the bodily injury associated with the kidnapping of the older child is not ground for retrial." *Ibid.*, 243 S. E. 2d, at 502.

lack of a jury finding of forcible rape, evidence in the record supported the conclusion that petitioner was guilty of that offense, which in turn established the element of bodily harm necessary to make the kidnaping a sufficiently aggravating circumstance to justify the death sentence.

In *Cole* v. *Arkansas*, 333 U. S. 196 (1948), petitioners were convicted at trial of one offense but their convictions were affirmed by the Supreme Court of Arkansas on the basis of evidence in the record indicating that they had committed another offense on which the jury had not been instructed. In reversing the convictions, Mr. Justice Black wrote for a unanimous Court:

> "It is as much a violation of due process to send an accused to prison following conviction of a charge on which he was never tried as it would be to convict him upon a charge that was never made. . . .

> "To conform to due process of law, petitioners were entitled to have the validity of their convictions appraised on consideration of the case as it was tried and as the issues were determined in the trial court." *Id.*, at 201–202.[3]

These fundamental principles of procedural fairness apply with no less force at the penalty phase of a trial in a capital case than they do in the guilt-determining phase of any criminal trial. Cf. *Gardner* v. *Florida*, 430 U. S. 349 (1977).

---

[3] In the present case, when the Supreme Court of Georgia ruled on petitioner's motion for rehearing it recognized that, prior to its opinion in the case, petitioner had no notice, either in the indictment, in the instructions to the jury, or elsewhere, that the State was relying on the rape to establish the bodily injury component of aggravated kidnaping:

"On motion for rehearing the defendant urges, among other things, that he was not on notice that evidence as to the older child's injuries which resulted from her being raped would provide the evidence of her bodily injury to convict him of her kidnapping with bodily injury. He was on notice, however, that he was charged with forcible rape as well as kidnapping with bodily injury of the older child.

"*Motion for rehearing denied.*" *Id.*, at 67, 243 S. E. 2d, at 510.

In light of these principles, the death sentence for the crime of murder with malice aforethought cannot stand.

Insofar as the petition for certiorari challenges the conviction for kidnaping with bodily injury [4] and the imposition of the death sentence, it is granted along with petitioner's motion to proceed *in forma pauperis*. The judgment of the Supreme Court of Georgia affirming the conviction for kidnaping with bodily injury and the death sentence for murder is reversed, and the case is remanded for further proceedings not inconsistent with this opinion. Insofar as the petition challenges the convictions for murder, kidnaping, and statutory rape, it is denied.

*It is so ordered.*

Mr. Justice Brennan, concurring.

I join the opinion of the Court. For the reasons stated in my dissenting opinion in *Gregg v. Georgia,* 428 U. S. 153, 227 (1976), I would in addition hold that the death penalty violates the Eighth and Fourteenth Amendments and that therefore petitioner may not be resentenced to death in any proceedings following remand from this Court.

Mr. Justice Marshall, concurring.

While I join the opinion of the Court, I again emphasize my opinion that the death penalty in any proceeding is unconstitutional.

Mr. Justice Powell, with whom The Chief Justice and Mr. Justice Rehnquist join, dissenting.

If, as the *per curiam* opinion for the Court states, the Supreme Court of Georgia had found petitioner guilty of kidnap-

---

[4] Because the jury convicted petitioner of the same offense that it relied upon to find the statutory aggravating circumstances necessary to impose the death penalty—kidnaping with bodily injury, to wit, *aggravated sodomy*—the Georgia Supreme Court's affirmance of that conviction on

ing with bodily injury in spite of a failure of the jury to return a proper guilty verdict for that crime, I would join this decision. My review of the record and the opinion of the Georgia court, however, has convinced me that petitioner's conviction for that crime might well have been upheld on the basis of the jury's proper verdict. Because the opinion of the Supreme Court of Georgia is fundamentally ambiguous on this point, I would remand the case for clarification rather than vacating petitioner's sentence of death. Accordingly, I dissent.

Petitioner was indicted for five offenses: murder of Lori Ann Smith; kidnaping of Lori Ann Smith; rape of Andrea Furlong; aggravated sodomy of Andrea Furlong; and the kidnaping of Andrea Furlong "with bodily injury." The aggravated sodomy charge was not submitted to the jury, as the aggravated sodomy of Andrea was alleged to have supplied the bodily injury element of her kidnaping. The jury returned guilty verdicts *on all four counts*. It sentenced petitioner to death on three of the counts: (i) the murder of Lori Ann, with the kidnaping of Andrea with bodily injury as a specified aggravating circumstance; (ii) the rape of Andrea, with the murder of Lori Ann as a specified aggravating circumstance; and (iii) the kidnaping of Andrea with bodily injury, with the rape of Andrea as a specified aggravating circumstance. Petitioner also was sentenced to a term of years for the kidnaping of Lori Ann.

On appeal, the Georgia court vacated the death sentences for the rape of Andrea and the kidnaping of Andrea with bodily injury. With respect to the rape of Andrea, the court noted that the jury was instructed on both forcible and statutory rape and returned a verdict that did not distinguish between the two crimes. As only forcible rape was a capital crime under Georgia law, petitioner had to be resentenced as

---

the basis of the bodily injury resulting from the *rape* is also unconstitutional under *Cole* v. *Arkansas*, 333 U. S. 196 (1948). Accordingly, under the dictates of that case, *id.*, at 200, 202, the conviction must be reversed.

if he had been convicted only of statutory rape. With respect to the kidnaping of Andrea, the court did not indicate whether it vacated the sentence because it believed our recent opinion in *Coker* v. *Georgia,* 433 U. S. 584 (1977), so mandated, or because the specified aggravating circumstance for this offense, the rape of Andrea, also was tainted by the jury's failure to distinguish between forcible and statutory rape.[1] The court did not disturb, however, the conviction for the underlying offense of kidnaping with bodily injury.

The Georgia court did affirm the sentence of death for the murder of Lori Ann, the kidnaping of Andrea with bodily injury being the aggravating circumstance. The validity of that kidnaping conviction is the matter in issue here. According to the Court, the court below ruled that even though as a matter of state law the aggravated sodomy of Andrea could not provide the bodily-injury element of the kidnaping, that element was supplied by the evidence of forcible rape. The Court then holds that the Georgia court could not constitutionally rely on evidence of forcible rape as bodily injury, because the jury may have convicted petitioner only of statutory rape, which requires no finding of force. Statutory rape would therefore be insufficient to provide the bodily-injury element associated with the kidnaping, which in turn would render that offense insufficient as an aggravating circumstance for the purpose of imposing the death penalty.[2]

Although the opinion of the Georgia court is not a model of clarity, a careful reading of the decision persuades me that the Court has misconstrued a critical part of what was held below. The Court is correct that the Georgia Supreme Court was not entitled to rely upon the evidence in the record of forcible rape

---

[1] As the Court observes, *ante,* at 14, Ga. Code § 27–2534.1 (b) (2) (1975) limits those crimes whose commission in the course of a homicide will sustain a death sentence to certain enumerated felonies. Statutory rape is not such an offense, although forcible rape is.

[2] See n. 1, *supra.*

to supply the bodily-injury component of the kidnaping.[3] But it is incorrect to say that the court below necessarily rejected the jury's unambiguous finding of aggravated sodomy [4]

[3] The court below actually identified two problems with the rape conviction, a state-law double jeopardy violation as well as the ambiguity of the jury verdict discussed in the text. This is made clear by a close reading of the opinion. It begins by observing:

"The only evidence of bodily injury, to support the crime of the kidnapping with bodily injury of the older child, is the bodily injury which resulted from the rape of that child. Thus, the convictions for both kidnapping with bodily injury and forcible rape cannot be upheld." 241 Ga. 49, 52, 243 S. E. 2d 496, 501 (1978).

This Court apparently believes that "both" convictions could not be upheld because of the failure of the jury to distinguish in both instances between forcible and statutory rape. Immediately after this sentence, however, the Georgia court cited its decision in *State* v. *Estevez,* 232 Ga. 316, 206 S. E. 2d 475 (1974). That decision involves the protection against double jeopardy provided by the Georgia Constitution, a protection of substantially broader scope than that provided by the Federal Constitution.

Under the Georgia Constitution, a defendant cannot be convicted and punished for separate crimes arising from the same criminal conduct. *Ibid.* It is plain that the Georgia court was concerned that separate punishments for both the kidnaping of Andrea with bodily harm and the forcible rape would violate this protection in a situation where rape was the only bodily harm involved. It had ruled that double jeopardy applied to similar facts in *Allen* v. *State,* 233 Ga. 200, 203, 210 S. E. 2d 680, 682 (1974). When the Georgia court stated that "both" convictions could not stand, it therefore meant not that each was invalid, but that petitioner could be punished only for one. It is in this context that the court determined that petitioner had not been punished for forcible rape and, "[a]s a consequence of the foregoing, there is evidence of bodily injury, not a part of the crime of statutory rape, to support the crime of kidnapping with bodily injury." 241 Ga., at 52, 243 S. E. 2d, at 502.

[4] The trial court instructed the jury that it could convict petitioner of kidnaping with bodily injury only if it found that petitioner had committed aggravated sodomy upon Andrea's person. To make this finding, the jury was required to find beyond a reasonable doubt that petitioner in the course of kidnaping Andrea "performed a sexual act involving his sexual organ with the mouth of Andrea Furlong, forcibly and against her will." Unlike the charge on forcible rape, the jury was not given the

as establishing the bodily injury that converted simple kidnaping into a capital offense under Georgia law. On this point the opinion of the state court is hopelessly obscure. As the Court observes, portions of the opinion may be read as indicating that aggravated sodomy, a crime that has as an element a forcible assault upon the victim, cannot constitute "bodily injury" with respect to the crime of kidnaping with bodily injury. *Ante,* at 15 n. 2. An equally plausible reading of the opinion, however, is that once the court determined that the evidence of harm inflicted during the rape established bodily injury, it did not think it necessary to decide the question whether aggravated sodomy, considered alone, also could establish that element. Certainly that question was not *necessarily* decided by the court, as it believed that bodily injury was proved, at least in part, by the evidence of forcible rape.[5] Moreover, the trial court expressly held that the sodomy did satisfy the bodily injury requirement, and the Georgia Supreme Court did not reverse that ruling.[6]

---

option of convicting petitioner for this offense on the ground that Andrea was under the age of consent. Accordingly, the jury could have convicted petitioner on this count only if it found he had committed an act of force on Andrea's person.

Similarly, during the sentencing stage the jury was instructed that in order to impose death for the murder of Lori Ann, it had to find that petitioner was "engaged in the commission of another capital felony, to-wit: The kidnapping with bodily harm, aggravated sodomy, of Andrea Furlong."

[5] There is no apparent reason why aggravated sodomy should not satisfy the bodily-injury requirement. Both forcible rape and aggravated sodomy require the use of force as elements of the offense. The only distinction between the two crimes under Georgia law relates to the part of the body violated. Compare Ga. Code § 26–2001 with Ga. Code § 26–2002 (1975). As both crimes involve a violent interference with the person, each logically would supply the element of bodily injury required by the kidnaping offense.

[6] Counsel for petitioner moved for acquittal on the kidnaping count, arguing that aggravated sodomy did not constitute bodily injury for

The validity of petitioner's conviction for kidnaping with bodily injury, and the use of that conviction as an aggravating circumstance for the purpose of sentencing, cannot be determined without resolution of this state-law question. If the court below meant to rule that as a matter of Georgia law evidence of forcible sodomy does *not* constitute proof of "bodily injury" for the purposes of the kidnaping offense, although proof of forcible rape would suffice, then the death sentence must be vacated and the conviction for kidnaping with bodily injury must be reversed. A criminal defendant is "entitled to have the validity of [his] convictio[n] appraised on consideration of the case as it was tried and as the issues were determined in the trial court." *Cole* v. *Arkansas*, 333 U. S. 196, 202 (1948). Here, the jury was permitted to find petitioner guilty of kidnaping with bodily injury if he committed aggravated sodomy during the offense. The jury also was allowed to specify this kidnaping as an aggravating circumstance of the murder if it coincided with aggravated sodomy. If it was an error of state law so to instruct the jury, the court may not redeem the mistake by ruling that the jury could have believed other evidence indicating petitioner had injured his victim in other ways. Cf. *Duncan* v. *Louisiana*, 391 U. S. 145 (1968). This is particularly true here, as the Georgia court ruled that

---

purposes of the kidnaping offense. The trial court was specific in its ground for rejecting this motion:

"I will give you a precise ruling so that you will have the advantage of your motion. I will hold specifically that the act of aggravated sodomy committed upon her person was such harm that aggravated the kidnapping and made it a higher crime. I hold that it does not require, the law does not require, a physical bruising injury or battery, but that the act of sodomy itself is as vile and as gross as anything can be as an act of harm against a ten year old child, and I don't have any problem with it." Record 990–991.

Nowhere in its opinion does the Georgia court state that this view of the law was incorrect.

the jury cannot be deemed to have returned a guilty verdict on the forcible rape charge itself.

If, however, the aggravated sodomy, accomplished by force, *did* satisfy the bodily-injury element under state law, it would appear that the jury properly convicted petitioner of that crime and was permitted to use that conviction as an aggravating circumstance with respect to the murder conviction. Because the question is substantial and was not resolved by the court below, I would remand the case for clarification.[7]

---

[7] The Court's opinion, as I read it, does not preclude resentencing of petitioner for the murder and kidnaping-with-bodily-harm convictions, if the court below does determine the jury verdicts with respect to those counts to have been proper.