John A. SPINKELLINK, Petitioner,

v.

Louie L. WAINWRIGHT, Secretary, Florida Department of Offender Rehabilitation, and David H. Brierton, Superintendent of Florida State Prison at Starke, Florida, Respondents.

No. 79–8211.

United States Court of Appeals, Fifth Circuit.

May 22, 1979.

Andrew A. Graham, Cocoa, Fla., John Charles Boger, New York City, for petitioner.

Raymond L. Marky, Asst. Atty. Gen., Tallahassee, Fla., for respondents.

638

Before GOLDBERG, RONEY and TJO-FLAT, Circuit Judges.

PER CURIAM:

The Court has heretofore entered orders denying petitioner's application for a certificate of probable cause and leave to appeal *in forma pauperis*, and denying petitioner's motion for stay of execution.

■ A careful review of the submission made to us reveals that petitioner is attempting to relitigate the precise constitutional issues that were fully litigated and decided by this Court in *Spinkellink v. Wainwright*, 578 F.2d 582 (5th Cir. 1978) (no petition for rehearing or petition for rehearing en banc was filed in this Court). This decision establishes both the law of this Circuit and the law of this case as to issues presented on that appeal.

*Presnell v. Georgia*, —— U.S. ——, 99 S.Ct. 235, 58 L.Ed.2d 207 (1978), decided after our prior decision, adds to the law nothing that was not previously decided by *Cole v. Arkansas*, 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed. 644 (1948), and *Gardner v. Florida*, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), cases cited in petitioner's brief in the prior appeal in this case and relied upon by the Supreme Court in deciding *Presnell*. The Supreme Court denied certiorari from our prior decision after *Presnell* was decided, *Spinkellink v. Wainwright*, —— U.S. ——, 99 S.Ct. 1548, 59 L.Ed.2d 796 (1979), and denied a petition for rehearing. —— U.S. ——, 99 S.Ct. 2064, 60 L.Ed.2d 667 (1979). The Florida capital sentencing statute and procedure, Fla.Stat.Ann. § 921.141 (West), have been constitutionally upheld in *Proffitt v. Florida*, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976).

■ One panel of this Court is not free to override the decisions of a prior panel, particularly in relitigation of the same case. *Puckett v. Commissioner of Internal Revenue*, 522 F.2d 1385 (1975). The Court believes it would be an inappropriate exercise of federal judicial power to stay a state execution to permit the relitigation of issues already fully presented and decided by this Court.

Judge Goldberg dissents and would grant the certificate of probable cause, leave to appeal *in forma pauperis*, and a stay of execution pending appeal.