**Ronald Eugene RICKMAN**

v.

**Michael DUTTON, Warden, Riverbend Maximum Security Institution.**

No. 3:85–0256.

United States District Court, M.D. Tennessee, Nashville Division.

April 25, 1994.

Henry Alan Martin, William P. Redick, Paul R. Bottei, Nashville, TN, for petitioner.

Glenn Richard Pruden, C. Mark Fowler, Nashville, TN, for respondent.

### MEMORANDUM

JOHN T. NIXON, Chief Judge.

Pending before the Court is petitioner Ronald Eugene Rickman's Motion for Partial Summary Judgment (Doc. No. 211), filed on March 10, 1994, to which respondent Michael Dutton ["the State"] filed a Response and Cross–Motion for Partial Summary Judg-

1. Petitioner's co-defendants, William Edward Groseclose and Phillip Michael Britt, were also tried and convicted of first degree murder. Mr.

ment to Petitioner's Motion for Summary Judgment (Doc. No. 224) on March 23, 1994. On April 1, 1994, petitioner filed a Reply to State's Response to Petitioner's Motion for Summary Judgment (Doc. No. 236); and a Motion to Strike Respondent's Cross–Motion for Summary Judgment (Doc. No. 235). On April 11, 1994, the Court heard Oral Argument from the parties on petitioner's Motion for Partial Summary Judgment. In accordance with the reasoning set forth below, the Court hereby grants petitioner's Motion for Partial Summary Judgment.

### I. BACKGROUND

William Edward Groseclose hired petitioner Ronald Eugene Rickman and Phillip Michael Britt to murder his wife, Deborah Lee Groseclose, in June, 1977. (*State v. Groseclose & Rickman,* 615 S.W.2d 142, 144–45 (Tenn.1981).) Mrs. Groseclose was subsequently murdered and her body was discovered in the trunk of her automobile on July 4, 1977. (*Id.* at 146.) After a trial in the Criminal Court of Shelby County, Tennessee, in February, 1978, petitioner was convicted of first degree murder for his role in the death of Mrs. Groseclose.[1] (*Id.* at 144.)

Between March 1 and March 3, 1978, a sentencing hearing was conducted. (*Groseclose,* 615 S.W.2d at 144.) At sentencing, the jury was instructed that it could impose a death sentence upon petitioner if it unanimously found one or more statutory aggravating circumstances beyond a reasonable doubt. (Tr., Attach. Doc. No. 81, at 2448.) The court instructed the jury it could find as a statutory aggravating circumstance that "[t]he murder was especially heinous, atrocious, or cruel in that it involved torture or depravity of mind." (*Id.* at 2447.) The jury was further instructed:

"Heinous" means extremely wicked or shockingly evil. "Atrocious" means outrageously wicked and vile. "Cruel" means designed to inflick [sic] a high degree of pain, utter indifference to, or enjoyment of, the suffering of others, pitiless.

Groseclose was sentenced to death, while Mr. Britt was sentenced to life imprisonment.

*Id.* The jury was instructed to render its decision by weighing all aggravating circumstances found against any mitigating circumstances. (*Id.* at 2448.)

Upon the instructions provided by the trial court, the jury sentenced petitioner to death. (Tr., Attach. Doc. No. 81, at 2450.) The jury based the death sentence on its finding of the following statutory aggravating circumstances:

> 1. The defendant committed the murder for remuneration. 2. The murder was especially heinous in that it involved depravity of mind. 3. The murder was committed while the defendant was engaged in the commission of rape, robbery and kidnapping.

(*Id.*)

Petitioner challenged the "heinous, atrocious, or cruel" instruction as unconstitutionally vague and overbroad. (*Groseclose,* 615 S.W.2d at 150–51.) The Tennessee Supreme Court rejected petitioner's challenge and affirmed the death sentence. (*Id.*) On March 5, 1985, petitioner filed a Petition for Writ of Habeas Corpus in federal court. (Doc. No. 5.)

On March 10, 1994, petitioner filed the instant Motion for Partial Summary Judgment. (Doc. No. 211.) Petitioner requests that this Court grant partial summary judgment on petitioner's Petition for Writ of Habeas Corpus and vacate petitioner's death sentence on the grounds that it was based on an unconstitutional aggravating factor. (*Id.*) Respondent objects to petitioner's motion, arguing that the aggravating factor at issue is not unconstitutionally vague. (Resp't's Resp., Doc. No. 224.) In the alternative, respondent argues that any vagueness in the instruction was properly cured by the Tennessee Supreme Court. (*Id.*)

## II. *STANDARD OF REVIEW*

Rule 56(c) of the Federal Rules of Civil Procedure provides in part that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

The Advisory Committee for the Federal Rules has noted that "[t]he very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Advisory Committee Notes on Rule 56, Federal Civil Judicial Procedure and Rules (West Ed.1990).

■ An alleged factual dispute existing between the parties is not sufficient to defeat a properly supported summary judgment motion; there must be a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The substantive law involved in the case will underscore which facts are material, and only disputes over outcome determinative facts will bar a grant of summary judgment. *Id.,* 477 U.S. at 248, 106 S.Ct. at 2510.

■ While the moving party bears the initial burden of proof for its motion, the party that opposes the motion has the burden to come forth with sufficient proof to support its claim, particularly when that party has had an opportunity to conduct discovery. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). It is true, however, that "[i]n ruling on a motion for summary judgment, the court must construe the evidence in its most favorable light in favor of the party opposing the motion and against the movant. Further, the papers supporting the movant are closely scrutinized, whereas the opponent's are indulgently treated." *Bohn Aluminum & Brass Corp. v. Storm King Corp.,* 303 F.2d 425, 427 (6th Cir.1962) (citations omitted).

■ To determine if a summary judgment motion should be granted, the court should use the standard it would apply to a motion for a directed verdict under Rule 50(a) of the Federal Rules of Civil Procedure. *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511. The court must determine that a reasonable jury would be unable to return a verdict for the non-moving party in order to enter summary judgment. *Id.,* 477 U.S. at 249, 106 S.Ct. at 2511. Thus, "[w]here the record

taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1478 (6th Cir.1989) (citations omitted), *reh'g denied,* (6th Cir. May 25, 1990).

## III. *ANALYSIS*

Petitioner Ronald Eugene Rickman requests that the Court grant partial summary judgment on the grounds that the jury considered an aggravating circumstance which was unconstitutionally vague in its decision to sentence petitioner to death.

It is well-settled that "the penalty of death may not be imposed under sentencing procedures that create a substantial risk that the punishment will be inflicted in an arbitrary and capricious manner." *Godfrey v. Georgia,* 446 U.S. 420, 427, 100 S.Ct. 1759, 1764, 64 L.Ed.2d 398 (1980). *See also Gregg v. Georgia,* 428 U.S. 153, 188, 96 S.Ct. 2909, 2932, 49 L.Ed.2d 859 (1976); *Furman v. Georgia,* 408 U.S. 238, 313, 92 S.Ct. 2726, 2763, 33 L.Ed.2d 346 (1972). A capital sentencing scheme must "provide a 'meaningful basis for distinguishing the few cases in which the penalty is imposed . . .' [and] must channel the sentencer's discretion by 'clear and objective standards' that provide 'specific and detailed guidance,' and that 'make rationally reviewable the process for imposing a sentence of death.'" *Godfrey,* 446 U.S. at 427–28, 100 S.Ct. at 1764–65 (citations omitted).

Accordingly, when a federal court reviews a state court's application of an individual statutory aggravating or mitigating circumstance in a specific case, the court "must first determine whether the statutory language defining the circumstance is itself too vague to provide any guidance to the sentencer." *Walton v. Arizona,* 497 U.S. 639, 654, 110 S.Ct. 3047, 3057, 111 L.Ed.2d 511 (1990). A statutory aggravating circumstance is unconstitutionally vague "if it fails to furnish principled guidance for the choice between death and a lesser penalty." *Richmond v. Lewis,* 506 U.S. ——, ——, 113 S.Ct. 528, 534, 121 L.Ed.2d 411 (1992). Notably, when a jury is the sentencing body "it is essential that the jurors be properly instructed regarding all facets of the sentencing process." *Walton,*

497 U.S. at 653, 110 S.Ct. at 3057. In a "weighing" state, where aggravating and mitigating circumstances are balanced against each other, "it is constitutional error for the sentencer to give weight to an unconstitutionally vague aggravating factor, even if other, valid aggravating factors obtain." *Lewis,* 506 U.S. at ——, 113 S.Ct. at 534.

■ If a statutory aggravating circumstance is unconstitutionally vague, a federal court must "determine whether the state courts have further defined the vague terms." *Walton,* 497 U.S. at 654, 110 S.Ct. at 3057. If the state courts have done so, the federal court must then determine whether the definitions are constitutionally sufficient, such that they "provide *some* guidance to the sentencer." *Id.* A state appellate court may thus cure the taint caused by reliance on an unconstitutionally vague aggravating circumstance by adopting an adequate narrowing construction. *Lewis,* 506 U.S. at ——, 113 S.Ct. at 534.

Under Tennessee's capital sentencing scheme, a jury at a sentencing hearing is required to weigh certain statutory aggravating factors against any mitigating factors. *See State v. Dicks,* 615 S.W.2d 126, 131 (Tenn.1981), *cert. denied,* 454 U.S. 933, 102 S.Ct. 431, 70 L.Ed.2d 240 (1981). The jury is then instructed that it shall impose the sentence of death if the aggravating factors outweigh the mitigating factors. *Id. See also* Tr., Attach. Doc. No. 81, at 2447–48.

Accordingly, at petitioner's sentencing hearing the jury was instructed that, pursuant to Tenn.Code Ann. § 39–2404(i), "No death penalty shall be imposed by a Jury but upon a unanimous finding of the existence of one or more of the statutory aggravating circumstances. . . ." *See* Tr., Attach. Doc. No. 81, at 2447. Among the eleven statutory aggravating circumstances which the jury was instructed it could find was an instruction that "[t]he murder was especially heinous, atrocious, or cruel in that it involved torture or depravity of mind." *Id.;* Tenn. Code Ann. § 39–2404(i)(5). The instruction to the jury was phrased in the disjunctive, thus allowing the jury to find the aggravating circumstance if the jury found that the of-

fense was either "heinous" or "atrocious" or "cruel." Tr., Attach. Doc. No. 81, at 2447. The jury was further instructed: " 'Heinous' means extremely wicked or shockingly evil. 'Atrocious' means outrageously wicked and vile. 'Cruel' means designed to inflict [sic] a high degree of pain, utter indifference to, or enjoyment of, the suffering of others, pitiless." *Id.*

Upon the instructions provided by the Tennessee court, the jury sentenced petitioner to death. *See* Tr., Attach. Doc. No. 81, at 2450. The jury based its sentence on a finding of three statutory aggravating circumstances, including that "[t]he murder was especially heinous in that it involved depravity of mind." *Id.* Petitioner challenges the constitutionality of his death sentence on the grounds that the "especially heinous" instruction upon which the jury relied to determine his sentence was unconstitutionally vague.

### A. *Was The "Especially Heinous" Instruction Unconstitutionally Vague?*

■ In *Maynard v. Cartwright*, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988), the Supreme Court held that Oklahoma's "especially heinous, atrocious, or cruel" instruction was unconstitutionally vague. The Supreme Court has similarly held invalid Mississippi's "especially heinous, atrocious, or cruel" instruction where "heinous" was defined as meaning "extremely wicked or shockingly evil." *Shell v. Mississippi*, 498 U.S. 1, 111 S.Ct. 313, 112 L.Ed.2d 1 (1990). Although the Supreme Court has not addressed whether a "depravity of mind" instruction is constitutionally permissible, this Court finds that without a further limiting instruction, such words fail to impose "any inherent restraint on the arbitrary and capricious infliction of the death sentence." *Godfrey*, 446 U.S. at 428, 100 S.Ct. at 1765. *See also Deutscher v. Whitley*, 946 F.2d 1443, 1446–47 (9th Cir.1991) ("depravity of mind" instruction unconstitutionally vague), *cert. denied sub nom. Deutscher v. Hatcher*, 506 U.S. ——, 113 S.Ct. 374, 121 L.Ed.2d 285 (1992), *vacated on other grounds sub nom. Hatcher v. Deutscher*, 506 U.S. ——, 113 S.Ct. 367, 121 L.Ed.2d 279 (1992); *Newlon v. Armontrout*, 885 F.2d 1328, 1334–35 (8th Cir.

1989) ("depravity of mind" instruction unconstitutionally vague), *cert. denied*, 497 U.S. 1038, 110 S.Ct. 3301, 111 L.Ed.2d 810 (1990).

■ In the instant action, the jury found as a statutory aggravating factor that "[t]he murder was especially heinous in that it involved depravity of mind." The Court finds that the "especially heinous" instruction, even as limited by the definition of "heinous" as "extremely wicked or shockingly evil", is unconstitutionally vague under *Maynard*, 486 U.S. 356, 108 S.Ct. 1853, and *Shell*, 498 U.S. 1, 111 S.Ct. 313. Moreover, the instruction was unconstitutionally vague despite the inclusion of the term "depravity of mind," which the Court likewise finds unconstitutionally vague. Because the jury relied on an unconstitutionally vague aggravating factor in determining petitioner's sentence, such sentence must be vacated unless the Tennessee appellate courts cured the constitutional error.

### B. *Did The Tennessee Appellate Courts Cure The Error In Petitioner's Sentencing?*

■ In a weighing state such as Tennessee, a state appellate court may cure the constitutional defect in sentencing by either relying on an adequate narrowing instruction and reweighing the aggravating and mitigating circumstances, or by undertaking harmless-error analysis. *See Lewis*, 506 U.S. at ——, 113 S.Ct. at 534; *Stringer v. Black*, 503 U.S. ——, ——, 112 S.Ct. 1130, 1136, 117 L.Ed.2d 367 (1992).

#### 1. *Reweighing*

Petitioner argues that under Tennessee law only a jury may impose a death sentence. Therefore, when a jury has not been properly instructed, the Tennessee Supreme Court cannot reweigh aggravating and mitigating factors and itself impose a death sentence.

##### a. *Is reweighing permissible under Tennessee law?*

■ Although there is no constitutional right for a defendant to be sentenced by jury, a state may create for the defendant a constitutionally-protected liberty interest in having the jury make particular findings, in-

cluding findings necessary for sentencing. *See Hicks v. Oklahoma,* 447 U.S. 343, 346, 100 S.Ct. 2227, 2229, 65 L.Ed.2d 175 (1980); *Cabana v. Bullock,* 474 U.S. 376, 385–86, 387 n. 4, 106 S.Ct. 689, 696–97, 697 n. 4, 88 L.Ed.2d 704 (1986). In such a case, the defendant has a "substantial and legitimate expectation that he will be deprived of his liberty only to the extent determined by the jury in the exercise of its statutory discretion." *Hicks,* 447 U.S. at 346, 100 S.Ct. at 2229. Moreover, the defendant's "liberty interest is one that the Fourteenth Amendment preserves against arbitrary deprivation by the State." *Id.* When a defendant is deprived of a state-created liberty interest, such deprivation may be so serious that it cannot be cured by appellate review. *See Cabana,* 474 U.S. at 387 n. 4, 106 S.Ct. at 697 n. 4 ("where state law creates for the defendant a liberty interest in having the jury make particular findings, the Due Process Clause implies that appellate findings do not suffice to protect that entitlement"). *See also Rust v. Hopkins,* 984 F.2d 1486, 1493 (8th Cir.1993) (deprivation of state-created liberty interest in having panel of judges determine proper weight to be given aggravating circumstances based on facts proven beyond reasonable doubt not curable by appellate review), *cert. denied,* 508 U.S. ——, 113 S.Ct. 2950, 124 L.Ed.2d 697 (1993).

■■ In the instant action, several sections of the Tennessee Code Annotated applicable to this matter support petitioner's argument that he has a state-created interest in having a jury determine his sentence. At the time of petitioner's sentencing, section 39–2404(a) thus provided in pertinent part:

> Upon a trial for murder in the first degree, should the jury find the defendant guilty of murder in the first degree, they shall not fix punishment as part of their verdict but *the jury shall fix the punishment in a separate sentencing hearing* to determine whether the defendant shall be sentenced to death or life imprisonment.

Tenn.Code Ann. § 39–2404(a) (1977) (emphasis added). Moreover, Section 39–2405(a) provided:

> In trials of first degree murder, the defendant, with the advice of his attorney and the consent of the court and the district attorney general, may waive the right to a jury to determine guilt, in which case the trial judge shall determine guilt, provided that such waiver will not affect *the defendant's right to a jury to determine punishment* if he is found guilty of first degree murder.

Tenn.Code Ann. § 39–2405(a) (1977) (emphasis added). Finally, Section 39–2406(c), which governed the Tennessee Supreme Court's authority and responsibility to review a death sentence imposed by the jury, provided:

> In reviewing the sentence of death for murder in the first degree, the Tennessee Supreme Court shall determine whether (1) the sentence of death was imposed in an arbitrary fashion; (2) the evidence supports *the jury's finding of a statutory aggravating circumstance or statutory aggravating circumstances;* (3) the evidence supports *the jury's finding of the absence of any mitigating circumstances sufficiently substantial to outweigh the aggravating circumstance or circumstances so found;* and (4) the sentence of death is excessive or disproportionate to the penalty imposed in similar cases, considering both the nature of the crime and the defendant.

Tenn.Code Ann. § 39–2406(c) (1977) (emphasis added).[2]

On the basis of such sections of the Tennessee Code Annotated, the Court finds that petitioner has a state-created liberty interest

---

**2.** Other references to a jury's determination of a defendant's death sentence were made in Tenn. Code Ann. § 39–2404(e) (1977) ("[T]he trial judge shall include in his instructions *for the jury to weigh and consider* " any aggravating and mitigating circumstances) (emphasis added); Tenn. Code. Ann. § 39–2404(g) (1977) ("*If the jury unanimously determines* that at least one statutory aggravating circumstance ... [has] been proved by the state beyond a reasonable doubt, and said circumstance ... [is] not outweighed ..., the sentence shall be death") (emphasis added); and Tenn.Code Ann. § 39–2404(i) (1977) ("*No death penalty shall be imposed but upon a unanimous finding, as heretofore indicated,* of ... one or more of the [following] statutory aggravating circumstances....") (emphasis added).

in having a jury determine whether he should be sentenced to life imprisonment or death. A Tennessee appellate court therefore may not limit the unconstitutionally vague aggravating instruction, reweigh the aggravating and mitigating factors, and itself impose a death sentence on petitioner without thereby depriving petitioner of a right guaranteed under the Fourteenth Amendment. The constitutional error in petitioner's sentence may only be cured through a new sentencing hearing before a jury, or upon a determination that such error was harmless beyond a reasonable doubt.

b. *If permissible, did constitutionally adequate reweighing occur?*

■ If petitioner did not have a state-created liberty interest in having a jury determine his sentence, the Tennessee Supreme Court may cure the constitutional defect in petitioner's sentence by applying a limiting construction to the vague terms and reweighing the aggravating and mitigating factors.

■ In *Dicks*, 615 S.W.2d 126, the Tennessee Supreme Court construed the "especially heinous, atrocious, or cruel" instruction as directed at "the conscienceless or pitiless crime which is unnecessarily torturous to the victim." 615 S.W.2d at 132 (applying construction devised by Florida Supreme Court in *State v. Dixon*, 283 So.2d 1, 9 (Fla.1973)).[3] Although the Tennessee Supreme Court has not further defined the term "depravity of mind,"[4] the limiting construction which the Tennessee Supreme Court adopted in *Dicks* for the "especially heinous, atrocious, or cruel" instruction has been upheld as constitutionally sufficient by the Supreme Court.

*See Proffitt v. Florida*, 428 U.S. 242, 255–56, 96 S.Ct. 2960, 2968, 49 L.Ed.2d 913 (1976). *See also Arave v. Creech*, 507 U.S. ——, 113 S.Ct. 1534, 123 L.Ed.2d 188 (1993) (upholding construction of "utter disregard for human life" as limited to the "cold-blooded, pitiless slayer"). The limiting construction adopted by the Tennessee Supreme Court for the otherwise vague, "especially heinous" aggravating instruction is thus constitutionally sufficient.

■ Although the Tennessee Supreme Court adopted a constitutionally sufficient limiting construction in *Dicks*, this Court nevertheless finds that the Tennessee Supreme Court may not apply such limiting construction upon its review of this case. Indeed, if the Tennessee Supreme Court were to do so, the court would be relying on a finding that the jury failed to make at petitioner's sentencing. *See Presnell v. Georgia*, 439 U.S. 14, 15–16, 99 S.Ct. 235, 236, 58 L.Ed.2d 207 (1978) (violation of due process where State appellate court determined that record established element of offense necessary to constitute aggravating circumstance, despite lack of jury finding as to such element). Although the jury was instructed that a murder was "cruel" when it was "designed to inflick [sic] a high degree of pain, utter indifference to, or enjoyment of, the suffering of others, pitiless," the jury did not thereby find that the murder was "cruel" in this case. *See* Tr., Attach. Doc. No. 81, at 2447, 2450. Instead, the jury found that the murder "was especially heinous in that it involved depravity of mind." *Id.* at 2450.[5] This Court finds it impermissible at this

---

**3.** The Tennessee Supreme Court's analysis in *Dicks* is not contrary to this Court's conclusion that the Tennessee Supreme Court may not cure the constitutional error in petitioner's sentence through reweighing because petitioner has a state-created liberty interest in having a jury determine sentencing. Notably, after applying a limiting construction to the "especially heinous" instruction, the court in *Dicks* merely determined that such construction was "compatible" with the trial court's instructions to the jury. 615 S.W.2d at 132. The court's analysis was thus limited to a determination that there was no constitutional error in the defendant's sentencing, and accordingly the court then affirmed the *jury's* verdict.

**4.** *Cf. Lewis v. Jeffers*, 497 U.S. 764, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990). In *Jeffers*, the Supreme Court upheld the Arizona Supreme Court's construction of "depraved" as being limited to the situation where "the perpetrator 'relishes the murder, evidencing debasement or perversion,' or 'shows an indifference to the suffering of the victim and evidences a sense of pleasure' in the killing." 497 U.S. at 777, 110 S.Ct. at 3100 (citation omitted).

**5.** "Heinous" was defined simply as "extremely wicked or shockingly evil." Tr., Attach. Doc. No. 81, at 2447.

juncture for the Tennessee Supreme Court to cure the "especially heinous" term by construing it as directed at the "conscienceless or pitiless crime which is unnecessarily torturous to the victim," when the jury, although instructed that it should make a finding that the crime was "cruel" if it involved an "utter indifference to, or enjoyment of, the suffering of others, pitiless," failed to render such a finding. *See Presnell,* 439 U.S. at 15–16, 99 S.Ct. at 236.

 The Court finds, in the alternative, that even if the Tennessee Supreme Court could apply the "conscienceless or pitiless" limiting construction without thereby violating petitioner's rights to due process, the Tennessee Supreme Court still failed to cure the constitutional error because it did not conduct a constitutionally sufficient reweighing of the aggravating and mitigating factors in this case. An appellate court may perform a proper weighing function either by disregarding an impermissible factor prior to reweighing, or by properly limiting the otherwise impermissible factor and then reweighing. *See Clemons v. Mississippi,* 494 U.S. 738, 751, 110 S.Ct. 1441, 1449, 108 L.Ed.2d 725 (1990). Regardless, an appellate court which undertakes the task of reweighing must do so in such a manner that it provides the defendant with "the individualized treatment that would result from *actual* reweighing of the mix of mitigating factors and aggravating circumstances." *Id.* at 752, 110 S.Ct. at 1450 (emphasis added).

In *Clemons v. Mississippi,* the Supreme Court thus analyzed the reweighing conducted by the Supreme Court of Mississippi. The Court noted that the Supreme Court of Mississippi had indicated that it had conducted proper reweighing by reciting the proper limiting construction of the "especially heinous" factor in its opinion. *Clemons,* 494 U.S. at 751, 110 S.Ct. at 1449–50. Moreover, the opinion at times "seem[ed] to indicate that the appellate court was reweighing the mitigating circumstances and both aggravating factors by applying the proper definition to the 'especially heinous' factor." *Id.* Nevertheless, because the Court was ultimately unable to determine whether the Supreme Court of Mississippi had conducted proper reweighing, the Court vacated the judgment of the Mississippi Supreme Court and remanded the case to the State. *Id.* at 751, 755, 110 S.Ct. at 1450, 1452.

In the instant action, this Court similarly finds the opinion of the Tennessee Supreme Court unclear as to whether the Tennessee Supreme Court performed a proper weighing function. In addressing petitioner's challenge to his sentence on the basis of vagueness, the Tennessee Supreme Court stated:

> The contention that the statutory aggravating circumstances used against appellant[ ] are void for vagueness and overbreadth was addressed by this Court at some length in its opinion in the case of *State v. Dicks,* 615 S.W.2d 126, particularly with reference to T.C.A. § 39–2404(i)(5). The Court there sustained the constitutionality of the statute, and we are of the opinion that its application to the facts of the present case is consistent with the interpretation stated in the *Dicks* case, *supra.*

*State v. Groseclose,* 615 S.W.2d 142, 150–51 (Tenn.1981), *cert. denied,* 454 U.S. 882, 102 S.Ct. 366, 70 L.Ed.2d 193 (1981).

To the extent that the Tennessee Supreme Court relied on *Dicks* to affirm petitioner's death sentence, the Court finds such reliance misplaced. Indeed, in *Dicks* the court adopted a constitutionally sufficient narrowing construction, and then determined that the trial court had provided instructions to the jury which were compatible with the limiting construction which the Tennessee Supreme Court had adopted. Accordingly, no error occurred in *Dicks* because the defendant's sentence there was not tainted by unconstitutionally vague instructions.

By contrast, as this Court has already determined, petitioner's sentence was tainted because the jury at petitioner's sentencing relied on unconstitutionally vague instructions. Although the Tennessee Supreme Court may have intended to acknowledge the error, apply a limiting construction to the vague terms and then reweigh the aggravating and mitigating factors in order to cure the error, this Court is unable to conclude from the Tennessee Supreme Court's opinion that such analysis occurred. Accordingly,

the Court concludes that the Tennessee Supreme Court did not cure the constitutional error in petitioner's sentencing through proper reweighing.

### 2. *Harmless-error analysis*

■■■ Although the Tennessee Supreme Court failed to cure the error through reweighing, it was nevertheless open to the Tennessee Supreme Court to find the error harmless beyond a reasonable doubt. *See Clemons*, 494 U.S. at 752, 110 S.Ct. at 1450 (citing *Satterwhite v. Texas*, 486 U.S. 249, 108 S.Ct. 1792, 100 L.Ed.2d 284 (1988)). The Court finds nothing in the Tennessee Supreme Court's opinion, however, which indicates that the court conducted harmless-error analysis. The court never acknowledged that an error occurred at petitioner's sentencing, and therefore never proceeded to analyze the record as required under *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).[6] Because the Tennessee Supreme Court did not conduct its own harmless-error analysis, this Court will not speculate as to the court's judgment in this matter. *See Clemons*, 494 U.S. at 753, 110 S.Ct. at 1451 (holding insufficient "cryptic holding" which included terms appropriate to harmless-error analysis, but which did not provide detailed harmless-error analysis); *Rust*, 984 F.2d at 1495 (holding insufficient "mere citation of *Chapman* in lieu of a plain statement summarizing [court's] analysis"). Accordingly, the constitutional error at petitioner's sentencing was not cured through harmless-error analysis.

The Court concludes that petitioner's Motion for Partial Summary Judgment on his Petition for Writ of Habeas Corpus is meritorious. Petitioner's death sentence was tainted by Eighth Amendment error when the jury gave weight to an unconstitutionally vague aggravating factor. Because petitioner has a state-created liberty interest in having a jury determine his sentence, the Supreme Court of Tennessee may not cure the constitutional error by reweighing aggravating and mitigating factors and itself sentenc-

ing petitioner. Even if petitioner is not entitled to have a jury decide his sentence, the limiting construction which the State has adopted for the vague terms may not be applied to petitioner's sentencing because the jury failed to find, as an alternative to the "especially heinous" finding, that the murder was "cruel", a factor defined for the jury with terms which were incorporated in the Tennessee Supreme Court's limiting construction for "especially heinous". In the alternative, the Tennessee Supreme Court neither conducted proper reweighing nor performed harmless-error analysis, and thereby the court failed to cure the defect at petitioner's sentencing. Because there does not exist a genuine issue of material fact with respect to petitioner's claim that his death sentence was based upon the jury's consideration of an unconstitutionally vague aggravating circumstance, the Court grants partial summary judgment and vacates petitioner's sentence of death.

## IV. *CONCLUSION*

For the above-stated reasons, the Court hereby grants petitioner's Motion for Partial Summary Judgment (Doc. No. 211); and denies respondent's Cross–Motion for Partial Summary Judgment (Doc. No. 224). Accordingly, the Court vacates petitioner's sentence of death, and remands this case to the State of Tennessee for further proceedings not inconsistent with this opinion. The Court denies petitioner's Motion to Strike Respondent's Cross–Motion for Summary Judgment (Doc. No. 235) as moot.

An Order consistent with the findings herein is filed contemporaneously.

## *ORDER*

Pending before the Court is petitioner Ronald Eugene Rickman's Motion for Partial Summary Judgment (Doc. No. 211), filed on March 10, 1994, to which respondent Michael Dutton ["the State"] filed a Response and

---

**6.** As the Tennessee Supreme Court has stated recently in *State v. Howell*, 868 S.W.2d 238 (Tenn.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1339, 127 L.Ed.2d 687 (1994), "[I]t is important, when conducting [*Chapman*] harmless error re-

view to completely examine the record for the presence of factors which potentially influence the sentence ultimately imposed." 868 S.W.2d at 260–61.

Cross–Motion for Partial Summary Judgment to Petitioner's Motion for Summary Judgment (Doc. No. 224) on March 23, 1994. On April 1, 1994, petitioner filed a Reply to State's Response to Petitioner's Motion for Summary Judgment (Doc. No. 236); and a Motion to Strike Respondent's Cross–Motion for Summary Judgment (Doc. No. 235). On April 11, 1994, the Court heard Oral Argument from the parties on petitioner's Motion for Partial Summary Judgment.

Consistent with the contemporaneously-filed Memorandum, the Court hereby GRANTS petitioner's Motion for Partial Summary Judgment (Doc. No. 211); and DENIES respondent's Cross–Motion for Partial Summary Judgment (Doc. No. 224). Accordingly, the Court VACATES petitioner's sentence of death, and REMANDS this case to the State of Tennessee for further proceedings not inconsistent with this opinion. The Court denies petitioner's Motion to Strike Respondent's Cross–Motion for Summary Judgment (Doc. No. 235) as MOOT.