IN THE SUPREME COURT OF TENNESSEE
AT JACKSON

FILED

January 5, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,          )
                             )
          Appellee,          )
                             )     SHELBY CRIMINAL
                             )
Vs.                          )
                             )     HON. JOSEPH B. McCARTIE,
                             )          JUDGE
MICHAEL JOE BOYD,            )
                             )
          Appellant.         )     No. 02-S-01-9611-CR-00102

FOR PUBLICATION

Filed: January 5, 1998

**For Appellant:**

Paul J. Morrow, Jr.
Office of the Post-Conviction
  Defender
Nashville, Tennessee

Daniel A. Seward
Memphis, Tennessee

**For Appellee:**

John Knox Walkup
Attorney General & Reporter

Michael E. Moore
Solicitor General

Kathy Morante
Deputy Attorney General
Nashville, Tennessee

At Trial:
John W. Pierotti
District Attorney General

Terry Harris
Assistant District Attorney
Memphis, Tennessee

# O P I N I O N

AFFIRMED.                                    ANDERSON, C.J.

The issue in this post-conviction death penalty appeal is whether the jury's reliance on an invalid aggravating circumstance was harmless error, or whether resentencing is required because there is reasonable doubt that the sentence would have been the same had the jury given no weight to the invalid aggravating factor. The jury relied on a valid aggravating factor, that the defendant had a prior conviction for a violent felony offense (second-degree murder), and an invalid aggravating circumstance, that the victim was killed during the commission of a felony.[1]

A majority of this Court held in State v. Middlebrooks, 840 S.W.2d 317 (Tenn. 1992), that the felony murder aggravating factor found in Tenn. Code Ann. § 39-2-203(i)(7) duplicates and mirrors the elements of the offense of felony murder and therefore, when applied as an aggravating factor to a felony murder conviction, it fails to narrow the class of death eligible defendants as is required by article I, § 16 of the Tennessee Constitution.[2] After conducting a harmless error analysis, however, both the trial court and the Court of Criminal Appeals concluded beyond a reasonable doubt that under the facts of this case the sentence would have been the same had the jury given no weight to the invalid aggravating factor. Both courts denied the post-conviction petition. We agree and affirm the Court of Criminal Appeals' judgment.

---

[1] Although the appeal was also granted on the issue of who properly represents the defendant, i.e., his appointed counsel or the Post-Conviction Defender, the issue was rendered moot when appointed counsel requested and received an order from this Court allowing him to withdraw.

[2] The Middlebrooks holding also applied to the felony murder aggravating circumstance as subsequently codified in Tenn. Code Ann. § 39-13-204(i)(7)(1990).

## BACKGROUND

The defendant, Michael Joe Boyd, was convicted of felony murder stemming from the shooting death of William Price during an armed robbery in November of 1986. Price and a companion, David Hippen, had solicited two women, Barbara Lee and Renita Tate, to accompany them to a Memphis motel. Upon their arrival at the Lorraine Motel, Price gave one of the women a $100 bill to rent two rooms. Michael Boyd, who was Lee's boyfriend, drove up to the scene with two other men and approached Price's van. Boyd pointed his pistol at Hippen and demanded money. Price grabbed Boyd's arm, Boyd fired the gun, and a struggle ensued. When Price tried to drive away from the scene, Boyd "emptied" the gun at him, striking him with five or six shots which caused his death.

The prosecution relied on three aggravating circumstances to seek the death penalty in the sentencing phase of the trial: (1) that the defendant had a prior conviction for a violent felony, (2) that the defendant knowingly created a risk of death to two or more persons other than the victim murdered, and (3) that the killing occurred in the perpetration of a felony.[3]

A judgment showing that the defendant had been convicted in 1983 for second-degree murder was introduced by the prosecution to support the prior conviction for a violent felony aggravating circumstance. In mitigation, Boyd testified that someone asked for change for a $100 bill and he was going to make change when Hippen pulled a gun. He said a struggle took place, during which Price was shot. Boyd testified that he was sorry the victim had been killed but that he did not intend to rob or shoot the victim.

---

[3] Tenn. Code Ann. § 39-2-203(I)(2), (3), and (7)(1982)[now Tenn. Code Ann. § 39-13-204 (i)(2), (3), and (7)(1997)].

The jury returned the sentence of death based on two aggravating factors, prior conviction of a violent felony and felony murder, and the conviction and sentence were affirmed by this Court on appeal. State v. Boyd, 797 S.W.2d 589 (Tenn. 1990), cert. denied, 498 U.S. 1074 (1991). The defendant filed a petition for post-conviction relief that alleged numerous constitutional errors, including the violation of article I, § 16 of the Tennessee Constitution under State v. Middlebrooks. Following an evidentiary hearing, the trial court denied the petition. The Court of Criminal Appeals affirmed the denial. We granted this appeal and now affirm the Court of Criminal Appeals' judgment.

## ANALYSIS

In Middlebrooks, we determined that the felony murder aggravating circumstance set forth in Tenn. Code Ann. § 39-2-203(i)(7) duplicated and mirrored the elements of the offense of felony murder and, when applied to a felony murder, failed to narrow the class of death eligible murderers as required by article I, § 16 of the Tennessee Constitution and the Eighth Amendment to the United States Constitution.[4] We stressed that a proper narrowing device must provide

> a principled way to distinguish the case in which the death penalty was imposed from the many cases in which it was not . . . and must differentiate a death penalty case in an objective, even-handed, and substantially rational way from the many murder cases in which the death penalty may not be imposed. As a result, a proper narrowing device insures that, even though some defendants who fall within the restricted class of death-eligible defendants manage to avoid the death penalty, those who receive it will be among the worst murderers-- those whose crimes are particularly serious, or for which the death penalty is particularly appropriate.

---

[4] At the time of this offense, felony murder included "[e]very murder committed in the perpetration of, or attempt to perpetrate, any murder in the first degree, arson, rape, robbery, burglary, larceny, kidnapping, aircraft piracy, or the unlawful throwing, placing or discharging of a destructive device or bomb...." Tenn. Code Ann. § 39-2-202(a)(1982)[now Tenn. Code Ann. § 39-13-202(a)(2)(1997)]. The felony murder aggravating circumstance provided "the murder was committed while the defendant was engaged in committing. . . any first degree murder, arson, rape, robbery, burglary, larceny, kidnapping, aircraft piracy, or unlawful throwing, placing or discharging of a destructive device or bomb." Tenn. Code Ann. § 39-2-203(i)(7)(1982)[now Tenn. Code Ann. § 39-13-204(i)(7)(1997)].

We concluded that it violates article I, § 16 of the Tennessee Constitution to use the felony murder aggravating circumstance to support imposition of the death penalty for a conviction of felony murder. 840 S.W.2d at 343-346. The felony murder aggravating factor may, of course, be used to support imposition of the death penalty if a defendant is convicted of premeditated murder, or if the felony used for the aggravating circumstance is different from and in addition to the felony used for the felony murder offense. State v. Hines, 919 S.W.2d 573, 583 (Tenn. 1995), cert. denied, ____U.S.____, 117 S.Ct. 133, 136 L.Ed.2d 82 (1996).

Because the Middlebrooks rule enhanced the integrity and reliability of the sentencing process, we have since applied the rule retroactively. See Barber v. State, 889 S.W.2d 185, 187 (Tenn. 1994), cert. denied, 513 U.S. 1184 (1995). Accordingly, as both parties here recognize, the jury's reliance on the invalid felony murder aggravating factor was constitutional error properly recognized in this post-conviction proceeding.

The critical inquiry, therefore, is whether the error was harmless and whether a resentencing hearing is required. To assist in this inquiry, we review the analytical framework first announced in State v. Howell, 868 S.W.2d 238 (Tenn. 1993), cert. denied, 510 U.S. 1215 (1994). There, we held that a Middlebrooks error does not require a resentencing hearing if the reviewing court concludes "beyond a reasonable doubt that the sentence would have been the same had the jury given no weight to the invalid felony murder aggravating factor." Id. at 262. Our holding was based on United States Supreme Court precedent in which that Court had said that if a jury considers an invalid or improper aggravating circumstance, either "constitutional harmless error analysis or reweighing at the trial or appellate level suffices to guarantee that the defendant received an individualized sentence." Stringer v. Black, 503 U.S. 222,

232 (1992); see also Richmond v. Lewis, 506 U.S. 40 (1992); Clemons v.
Mississippi, 494 U.S. 738 (1990).

In Howell, we adopted a harmless error analysis that guarantees the
precision that individualized sentencing demands and provides a principled
explanation for our conclusion in each case. We also stressed the need "to
completely examine the record for the presence of factors which potentially
influence the sentence ultimately imposed." These factors include, but are not
limited to, "the number and strength of remaining aggravating circumstances, the
prosecutor's argument at sentencing, the evidence admitted to establish the
invalid aggravator, and the nature, quality, and strength of mitigating evidence."
Id. at 260-61. Only after a thorough and critical consideration of these factors
can a determination be made as to harmless error. See, e.g., Sochor v. Florida,
504 U.S. 527, 541 (1992)(O'Connor, J., concurring)("appellate court's bald
assertion that an error of constitutional dimensions was 'harmless' cannot
substitute for a principled explanation of how the court reached that
conclusion.").

We have since applied the Howell harmless error analysis on numerous
occasions in which the jury considered an invalid aggravating circumstance in
conjunction with one or more valid aggravating circumstances. In the following
cases, the error was found to be harmless and the sentence was affirmed. State
v. Hines, 919 S.W.2d at 583; State v. (Sylvester) Smith, 893 S.W.2d 908 (Tenn.
1994), ___ U.S. ___, 116 S.Ct. 99, 133 L.Ed.2d 53 (1995); Barber v. State, 889
S.W.2d at 187; State v. Nichols, 877 S.W.2d 722 (Tenn. 1994), cert. denied, 513
U.S. 1114 (1995); State v. Cazes, 875 S.W.2d 253 (Tenn. 1994), cert. denied,
513 U.S. 1086 (1995); State v. Howell, 868 S.W.2d at 262. Conversely, we
concluded that the constitutional error required resentencing in State v. Walker,

910 S.W.2d 381 (Tenn. 1995), ___ U.S. ___, 117 S.Ct. 88, 136 L.Ed.2d 45 (1996), and Hartman v. State, 896 S.W.2d 94 (Tenn. 1995).

We disagree with the dissent's assertion that "the high standard for harmless error analysis set forth in Howell has been significantly compromised in some cases." On the contrary, the Howell analysis has been employed in the same manner in each case-- the fact that some errors have been held to be harmless and others harmful underscores that an individualized determination must be made in each case.[5]

Applying the analysis in this case leads us to conclude that the error is harmless and does not require resentencing. The remaining aggravating factor relied upon by the jury was that the defendant had a prior conviction for second degree murder--a violent felony. We said in Howell that "even more critical than

_____

[5] Though this Court and the United States Supreme Court previously had recognized that errors occurring during the sentencing phase of a capital trial may be reviewed under the harmless error doctrine by an appellate court, it was not until 1992 that the United States Supreme Court completely delineated the proper analysis to be applied by an appellate court when an invalid aggravating circumstance has been relied upon by the initial sentencing authority. See Stringer v. Black, 503 U.S. at 232; Sochor v. Florida, 504 U.S. at 540-541. This Court's decision in Howell delineating the proper harmless error analysis for a Middlebrooks error was not rendered until after our decisions in State v. Evans, 838 S.W.2d 185 (Tenn. 1992); State v. Sparks, 1993 Tenn. Lexis 187; No. 03S01-9212-CR-00105 (Tenn., May 10, 1993); State v. Bane, 853 S.W.2d 483 (Tenn. 1993); State v. Smith, 857 S.W.2d 1 (Tenn. 1993); and State v. Middlebrooks, 840 S.W.2d 317 (Tenn. 1992). Therefore, since all these decisions predated Howell, the dissent's reliance upon these cases as examples of the proper application of the Howell analysis is unwarranted.

Moreover, in each of the cases that the dissent contends were "significantly compromised," the Howell analysis yielded a conclusion that the Middlebrooks error was harmless beyond a reasonable doubt. In State v. Cazes, supra, there were two remaining aggravating factors, prior convictions for a violent felony and heinous, atrocious or cruel. The prior convictions were aggravated rape and assault; no additional evidence or undue emphasis had been placed on the invalid felony murder aggravator during sentencing. In State v. Nichols, supra, five rape convictions supported the remaining factor of prior convictions for a violent felony; no additional evidence or undue emphasis was placed on the invalid factor. In State v. (Sylvester) Smith, supra, there were two remaining aggravating factors, prior convictions for a violent felony and heinous, atrocious or cruel. The prior convictions included robbery with a deadly weapon, assault with intent to commit murder, and aggravated rape. Accordingly, our application of these factors, as well as the mitigating evidence offered by the defendants, led to the same conclusion -- that the error was harmless beyond a reasonable doubt.

the sum of the remaining aggravating circumstances is the qualitative nature of each circumstance, its substance and persuasiveness, as well as the quantum of proof supporting it." Although the statute assigns no relative importance or weight to the aggravating circumstances, we observed that a prior violent felony conviction "may be more qualitatively persuasive and objectively reliable" than other factors. 868 S.W.2d at 261.

Accordingly, the defendant's prior conviction for second-degree murder is a significant element to be considered in our analysis; in fact, we have affirmed the death sentence in all but one previous case in which a prior violent felony conviction supported the aggravating factor in Tenn. Code Ann. § 39-2-203(i)(2). See State v. Hines, 919 S.W.2d at 584 (assault in the first-degree); State v. Smith, 893 S.W.2d at 926 (robbery, assault with intent to murder, and aggravated rape); State v. Nichols, 877 S.W.2d at 738 (rape); State v. Cazes, 875 S.W.2d at 270 (aggravated rape and assault with intent to murder); State v. Howell, 868 S.W.2d at 261 (murder, aggravated robbery). In the remaining case, State v. Walker, the conviction was for voluntary manslaughter, a lesser grade of offense than second-degree murder. 910 S.W.2d at 398.

Turning to the second Howell factor, the record reveals that the prosecution did not emphasize the felony murder aggravating factor, Tenn. Code Ann. § 39-2-203 (i)(7), in the sentencing phase. No additional evidence was introduced in support of the factor, and relatively little reliance was placed on it during the prosecutor's argument. Instead, the prosecution stressed the defendant's prior conviction throughout its argument as demonstrated by the following passage:

> The law also says if you kill once and then you kill again, it's okay
> for you to suffer the consequences of the death penalty. What
> does it take, ladies and gentlemen? How many people have to die
> before we put a stop to [the defendant]. Do we have to wait until

he kills and kills and kills again?  He's killed twice.  You would think . . . after killing once that a man like that, if he's got any conscience at all, would want to get as far away from a pistol, an instrument of death, as he could ever get. . . . It's good for nothing other than to kill other human beings.  Twice [the defendant] used the same instrument of death.  It's time . . . to put a stop to it.

Finally, the balance of the State's argument was devoted to arguing the aggravating factor in Tenn. Code Ann. § 39-2-203 (i)(3), that the defendant knowingly created a risk of death to two or more persons during the victim's murder, and to discrediting the testimony and credibility of the defendant.

Similarly, applying the third Howell factor, we observe that no additional evidence was admitted to support the invalid felony murder aggravating circumstance; the prosecution merely relied upon the evidence in the guilt phase. As we said in Howell, "an aggravating factor which duplicates the elements of the underlying crime has less relative tendency to prejudicially affect the sentence imposed than invalid aggravating factors which interject inadmissible evidence into the sentencing calculus, or which require the sentencing jury to draw additional conclusions from the guilt phase evidence."  868 S.W.2d at 261. Accordingly, the jury in this case heard no more evidence in support of the felony murder aggravating circumstance than had already been presented to prove the offense of felony murder during the guilt phase.

Finally, we consider the final Howell factor -- the nature, quality and strength of the mitigating evidence.  In this case, the mitigating evidence was limited to the defendant's own testimony.  Although the defendant argues on appeal that he showed remorse, it is significant that he did not accept responsibility for his part in the offense; instead he denied that he shot or robbed the victim.  No other mitigating evidence was presented before the jury.  We have considered all of the relevant Howell analytical factors in our review of the record, and have considered and applied the requirement for individualized

-9-

sentencing and made a principled explanation for our conclusion. After doing so, we conclude beyond a reasonable doubt that the verdict would have been the same had the jury given no weight to the invalid aggravating factor.

The dissent concludes that a finding of harmless error cannot be based on objective facts and is therefore inappropriate. Notwithstanding evidence of a "set up" robbery and that the defendant "emptied" his gun while the victim tried to flee from the scene, the dissent contends that the killing occurred as a result of an altercation based on jealousy and that the defendant testified he did not intend to rob or shoot the victim. The dissent, however, does not apply the Howell factors that support an objective conclusion that the jury's verdict would have been the same even had it not considered the invalid factor. In particular, the dissent does not address the quality and strength of the remaining aggravator factor that was supported by the defendant's prior conviction for second-degree murder, nor, apparently, does the dissent place objective significance on the Howell factors that no additional evidence or emphasis was placed on the invalid felony murder aggravator during sentencing. Thus, the dissent takes issue solely with the majority's conclusion and not its methodology.

Rejecting precedent, the defendant contends that our appellate review is improper for several reasons, all of which we have implicitly rejected in our formulation and continued application of Howell. First, he argues that he has a federal and state due process liberty interest to jury sentencing due to the mandatory language found in Tenn. Code Ann. § 39-2-203.[6] The case cited by the defendant in support of his argument, Rickman v. Dutton, 854 F. Supp. 1305 (M.D. Tenn. 1994), however, recognizes that even if a due process liberty

_____

[6] The defendant cites, among other provisions, Tenn. Code Ann. § 39-2-203(a)(1982), the "jury shall fix punishment in a separate sentencing hearing", and Tenn. Code Ann. § 39-2-203(k)(1982), "a new trial on the issue of punishment shall be held by a new jury empaneled for that purpose."

interest exists on the basis of these statutory provisions, constitutional harmless error analysis is not precluded. We, therefore, disagree with the defendant's assertion that these statutory provisions preclude appellate review of the sentence. Moreover, the United States Supreme Court has repeatedly held that constitutional harmless error analysis is appropriate in this context, provided that it preserves the constitutional requirement of individualized sentencing. See, e.g., Stringer v. Black, 503 U.S. at 232 (1992); Clemons v. Mississippi, 494 U.S. at 753.[7]

The defendant also argues that Howell conflicts with the constitutional harmless error test set forth in Chapman v. California, 386 U.S. 18 (1967), and that, applying Chapman, the State cannot prove beyond a reasonable doubt that the error "did not contribute to the verdict obtained" because this jury did in fact rely on factors set out in Tenn. Code Ann. § 39-2-203 (i)(7). Again we disagree. Our analysis in Howell is derived from relevant United States Supreme Court precedent that indicates not every verdict based partly on an unconstitutional or invalid aggravating circumstance requires resentencing, and that an error may be deemed harmless if it may be concluded beyond a reasonable doubt that the verdict would have been the same had the jury given no weight to the invalid factor. See Stringer v. Black, 503 U.S. at 232; Clemons v. Mississippi, 494 U.S. at 753. We view these decisions, and the test set forth in Howell, as the appropriate analysis and consistent with the Chapman harmless error test.

Finally, the defendant insists that application of Howell violates ex post facto, due process, and equal protection provisions of the Tennessee and United States Constitutions because it had not been decided at the time of this offense,

---

[7] The Mississippi cases relied on by the defendant, e.g., Wilcher v. State, 635 So.2d 789 (Miss. 1993), are specifically predicated on an interpretation of state law that is not controlling on this Court.

and because prior cases in which only one aggravating factor remained were remanded for resentencing.  It is clear, however, that pre-Howell cases, existing at the time of the defendant's offense, had upheld death penalty sentences where the jury had relied on an invalid aggravating circumstance.  See State v. Bobo, 727 S.W.2d 945 (Tenn.), cert. denied, 484 U.S. 872 (1987); State v. Workman, 667 S.W.2d 44 (Tenn.), cert. denied, 469 U.S. 873 (1984);  State v. Cone, 665 S.W.2d 87 (Tenn.), cert. denied, 467 U.S. 1210 (1984); State v. Campbell, 664 S.W.2d 281 (Tenn.), cert. denied, 469 U.S. 920 (1984). Therefore, Howell, which sets forth a principled means of review in a manner that preserves individualized sentencing, does not violate ex post facto, due process, or equal protection provisions.

## CONCLUSION

Our review of the record leads us to conclude beyond a reasonable doubt that the jury's verdict would have been the same had no weight been given to the invalid aggravating circumstance, and that the jury's consideration of the invalid aggravating circumstance was harmless error. Therefore, the jury's reliance on Tenn. Code Ann. § 39-2-203(i)(7), although constitutional error, does not require resentencing.  Accordingly, we affirm the judgment of the Court of Criminal Appeals denying the post-conviction petition.  The sentence of death will be carried out as provided by law on the 5th day of May, 1998, unless otherwise ordered by this Court, or other proper authorities.

The costs of this appeal are taxed to the defendant for which execution may issue.

-13-

_____
RILEY ANDERSON, CHIEF JUSTICE


**CONCUR:**

Drowota, Birch, and Holder, JJ.

Reid, J., dissenting - see separate dissent