IN THE SUPREME COURT OF TENNESSEE

AT JACKSON

FILED

April 13, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | FOR PUBLICATION |
| | ) | |
| Appellee | ) | Filed: |
| | ) | |
| v. | ) | Shelby County |
| | ) | |
| PERRY A. CRIBBS | ) | Hon. W. Fred Axley, Judge |
| | ) | |
| Appellant | ) | S. Ct. No. 02-S-01-9703-CR-00014 |

CONCURRING AND DISSENTING OPINION

I fully concur in the majority holding that Cribbs' conviction for first-degree murder should be affirmed. I concur also in the conclusion reached by Justice Reid that the Middlebrooks error in this case more probably than not affected the sentence. I write, however, to express my separate view as to punishment in this case and, at the same time, to summarize the manner in which I have addressed Middlebrooks errors in previous cases.

In State v. Middlebrooks, 840 S.W.2d 317 (Tenn. 1992), cert. dismissed, 510 U.S. 124, 114 S. Ct. 651, 126 L. Ed.2d 555 (1993), this Court determined that it is constitutionally permissible to impose the death penalty for felony-murder under Tennessee's death penalty provisions. However, the Court further held that the aggravating circumstance set forth in Tenn. Code Ann.

§ 39-2-203(i)(7)(1982),[1] that the defendant was engaged in committing a felony, cannot be used as the sole support for imposition of the death penalty when the defendant's conviction for felony-murder is based on the same felony. The reasoning is that the (i)(7) aggravating circumstance does not sufficiently narrow the population of death-eligible felony-murder defendants under the Eighth Amendment to the U.S. Constitution and Art. I, § 16 of the Tennessee Constitution, because (i)(7) essentially duplicates the elements of the offense of felony- murder. Id. at 323. After the application of the (i)(7) aggravating circumstance was found unconstitutional in that case, the sole aggravating circumstance remaining to support imposition of the death penalty was that the murder was heinous, atrocious, or cruel in that it involved torture, under Tenn. Code Ann. § 39-2-203(i)(5)(1982). Although the (i)(5) aggravating circumstance was amply supported by the evidence, the Court was unable to conclude that the constitutional error was harmless beyond a reasonable doubt, and the Court accordingly remanded for a resentencing hearing. Id.

In the case under review, the Middlebrooks error occurred because the jury relied on the aggravating circumstance found in Tenn. Code Ann. § 39-13-204(i)(7)(1991): the murder was committed while the defendant was engaged in committing a burglary. The circumstances of the burglary had already been utilized to convict Cribbs of felony-murder, and the other two first-degree murder verdicts had been stricken by the trial court. As a result, the

---

[1]The death penalty provisions at Tenn. Code Ann. § 39-2-203 have been repealed; the aggravating circumstances are now codified at Tenn. Code Ann. § 39-13-204 (1991).

class of death-eligible defendants was not sufficiently narrowed, as is required by the United States and Tennessee Constitutions.

With the now invalidated (i)(7) aggravating circumstance, only one other aggravating circumstance is left to support Cribbs' death sentence:  the defendant was previously convicted of one or more felonies, the statutory elements of which involve the use of violence to the person.  Tenn. Code Ann. § 39-13-204(i)(2) (1991). In support of this aggravating circumstance, the State adduced proof regarding four prior convictions--two attempted second-degree murder convictions, one aggravated robbery conviction, and one second-degree burglary conviction.  The State concedes that it mistakenly admitted evidence of the prior burglary conviction, which does not involve violence.  Standing alone, this error is a minor one.  In addition, however, it is important to note that each of the remaining three prior convictions arose from the same incident.  Consequently, the number of prior convictions submitted to the jury--four--is extremely misleading.

Because the Middlebrooks error is combined with misleading evidence regarding the only remaining aggravating circumstance, I am unable to find that the jury would have reached the same conclusion had the improper evidence not been submitted. Although Cribbs may not have offered persuasive mitigating evidence, and the prosecution may not have emphasized or adduced additional proof of the invalid aggravating circumstance, I cannot conclude that the cumulative effect of these errors was harmless beyond a reasonable doubt.  Particularly in light of my previous

3

decisions on this issue, I am convinced that this case must be remanded for a new sentencing hearing.

In previous death penalty cases involving similar errors, I have consistently expressed that the cause should be remanded for a new sentencing hearing. In State v. Walker, 910 S.W.2d 381, 398 (Tenn. 1995) cert. denied. ___ U.S. ___, 117 S. Ct. 88, 136 L. Ed.2d 45 (1996), I joined in the Court's unanimous holding remanding the case for a new sentencing hearing. The defendant had been convicted of felony-murder, in the shooting death of a woman in the course of a robbery. The jury based its imposition of the death sentence on two aggravating circumstances: (1) the defendant had previously been convicted of a violent felony, voluntary manslaughter; and (2) the murder was committed in the course of a robbery. Tenn. Code Ann. § 39-2-203(i)(2) and (i)(7)(1982). The second aggravating circumstance was invalid under Middlebrooks, and the Court concluded that there was no way of knowing whether the jury would have imposed the death penalty, had it not been permitted to consider the improper evidence. Id.

In Hartman v. State, 896 S.W.2d 94, 104 (Tenn. 1995), a post-conviction case, the defendant had been convicted of murder in the perpetration of a kidnaping. An inmate testified that the defendant had bragged to him about raping the victim before and after he killed her. I wrote for the majority of the Court, retroactively applying Middlebrooks and remanding the case for resentencing because the Middlebrooks error invalidated the aggravating circumstance that the murder was committed during the commission of a kidnaping. In addition, the jury had relied on two

valid aggravating circumstances:  (1) the murder was especially heinous, atrocious, or cruel in that it involved torture or depravity of mind; and (2) the murder was committed by the defendant during his escape from lawful confinement.  Tenn. Code Ann. § 39-2-203(i)(5) and (i)(8)(1982).

We noted in Hartman that several facts supported a finding of harmless error.  First, no additional evidence was introduced in support of the invalid aggravating circumstance that the murder was committed during a kidnaping.  Additionally, the prosecutor did not emphasize the invalid aggravating circumstance in his argument, and there was little mitigating evidence.  Moreover, the Court found that the "escapee" aggravating circumstance was both objective and uncontradicted.  Nevertheless, because the "heinous, atrocious or cruel" aggravating circumstance was less objective and the credibility of the testimony supporting it was highly contested, the Court could not conclude that the sentence would have been the same had the jury accorded no weight to the invalid aggravator.  Id. at 103-05.

Finally, in State v. Bigbee, 885 S.W.2d 797, 800 (Tenn. 1994), I joined the majority's conclusion that the case be remanded for a new sentencing hearing.  The defendant had been convicted of felony-murder in the beating and shooting death of a convenience store clerk during a robbery attempt.  The jury found two aggravating circumstances to support imposition of the death sentence:  (1) the defendant was previously convicted of one or more violent felonies; and (2) the murder was committed while the defendant was attempting to commit a robbery.  Tenn. Code Ann.

5

§ 39-13-203(i)(2) and (i)(7)(1982). The second aggravating circumstance was invalid under <u>Middlebrooks</u>. Additionally, irrelevant evidence was admitted regarding the defendant's prior conviction of felony-murder. The jury heard evidence concerning: the life sentence the defendant had received when he was previously convicted, the facts surrounding the previous murder, the character of the previous victim, and the impact the murder had on the previous victim's family. Further, the State improperly emphasized the facts of the prior murder and made an appeal to vengeance in its argument. The Court held that these cumulative errors were not harmless beyond a reasonable doubt and remanded for resentencing. <u>Id.</u> at 809-16.

In two cases, I joined the majority in finding a <u>Middlebrooks</u> error harmless. In the first, <u>State v. Boyd</u>, 959 S.W.2d 557 (Tenn. 1998), a post-conviction case, the defendant was convicted of felony-murder stemming from the shooting death of a person during a robbery. After we retroactively applied <u>Middlebrooks</u> and invalidated the (i)(7) aggravating circumstance, only one other aggravating circumstance, a prior conviction for second-degree murder, supported the death sentence. Tenn. Code Ann. § 39-2-203(i)(2)(1982). Because the prosecutor did not emphasize or bring additional evidence of the invalid aggravating circumstance, and because the mitigating evidence was weak, consisting only of the defendant's testimony, the majority found the error harmless beyond a reasonable doubt.

In the second, <u>State v. Hines</u>, 919 S.W.2d 573 (Tenn. 1995) <u>cert. denied</u>, ___ U.S. ___, 117 S. Ct. 133, 136 L. Ed.2d 82

6

(1996), I joined in the conclusion that the <u>Middlebrooks</u> error was harmless because the (i)(7) aggravating circumstance was supported by three different felonies:  larceny, robbery, and rape.  Thus, there was only a partial duplication with the felony-murder conviction, which was based solely on the robbery.  Additionally, two other aggravating circumstances supported the death sentence. <u>Id.</u> at 583-84.

In the case under review, I conclude that a remand is appropriate.  With the exception of <u>Boyd</u>, when error leaves only a single aggravating circumstance remaining, I have been unwilling to hold that the jury's decision was unaffected by the error.  Moreover, when the <u>Middlebrooks</u> error is combined with at least one additional error, I have also been unwilling to hold the jury's decision was unaffected.  I distinguish <u>Boyd</u> from the instant case: in <u>Boyd</u> the <u>Middlebrooks</u> error was the sole sentencing problem.  Here, not only was the <u>Middlebrooks</u> error misleading to the jury, but also the number of prior convictions submitted to the jury was misleading.

In sum, I agree with the majority that the first-degree murder conviction must be affirmed.  However, because I find that the submission to the jury of an invalid aggravating circumstance and an invalid prior conviction is not harmless beyond a reasonable doubt, I respectfully dissent.  I would remand this cause to the trial court for a new sentencing hearing.

_____
ADOLPHO A. BIRCH, JR., Justice

7