IN THE SUPREME COURT OF TENNESSEE

AT JACKSON

**FILED**

**April 13, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

STATE OF TENNESSEE,        )
                           )
    Appellee,              )
                           )    Shelby County
                           )
v.                         )    Hon. W. Fred Axley,
                           )    Judge
                           )
PERRY A. CRIBBS,           )    No. 02S01-9703-CR-00014
                           )
    Appellant.             )


## CONCURRING AND DISSENTING OPINION


I concur with the majority's decision that the conviction of first degree murder be affirmed. However, I dissent from the majority's finding that the jury's improper consideration of the felony-murder aggravating circumstance, Tenn. Code Ann. § 39-13-204(i)(7), was harmless error beyond a reasonable doubt. Also, the sentence of death in this case is, in my view, disproportionate.

The majority again excuses constitutional deficiency with its ubiquitous use of harmless error. As stated in dissent in State v. Boyd, ____ S.W.2d ____ (Tenn. 1998), dissenting slip opinion at 9, the high standard for harmless error analysis announced in State v. Howell, 868 S.W.2d 238 (Tenn. 1993), cert. denied 410 U.S. 1215, 114 S. Ct. 1339 (1994), has been significantly compromised in a number of cases decided since

Howell.  See State v. Smith, 893 S.W.2d 908 (Tenn. 1994), cert. denied, ____ U.S. ____, 116 S. Ct. 99 (1995); State v. Nichols, 877 S.W.2d 722 (Tenn. 1994), cert. denied, 513 U.S. 1114, 115 S. Ct. 909 (1995); State v. Cazes, 875 S.W.2d 253 (Tenn. 1994), cert. denied, 513 U.S. 1086, 115 S. Ct. 743 (1995).

All members of the Court agree that consideration of the felony-murder circumstance was error under State v. Middlebrooks, 840 S.W.2d 317 (Tenn. 1992), cert. dismissed 510 U.S. 124, 114 S. Ct. 48 (1993).  Consequently, the only valid aggravating circumstance is the defendant's previous convictions of felonies involving the use of or threat of violence to the person, under Tenn. Code Ann. § 39-13-204(i)(2).  In support of this aggravating circumstance, the State presented evidence of four previous convictions:  two attempted second degree murders, one aggravated robbery, and one second degree burglary.  Despite the number of offenses, this is not a strong circumstance because the attempted second degree murder convictions and the aggravated robbery conviction all arose from a single incident occurring on the same date.  This aggravating circumstance is further tainted because the State improperly relied upon the second degree burglary conviction, which did not involve the use or threat of violence as required by the statute, and thus, as acknowledged by the majority, was not admissible.  The State has not carried the burden of showing that, beyond a reasonable doubt, the Middlebrooks error did not affect the jury's decision to impose a sentence death.

In my view, the sentence of death is disproportionate. The victim in this case surprised two burglars in her home. She was killed instantly with a single gunshot wound to the head. Any murder is tragic and destructive in its own right. Nevertheless, under state and federal law the death penalty is reserved for the most culpable offenders. Considering the character of the defendant and the circumstances of the crime, this crime was not "among the worst of the bad" for whom the death penalty is reserved. State v. Nichols, 877 S.W.2d 722, 744 (Tenn. 1994), Reid, J., dissenting. I would hold that the sentence of death under the facts of this case is excessive and disproportionate and reduce the sentence to life imprisonment.

_____
Reid, J.