# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JUNE SESSION, 1999

**FILED**

**August 12, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

ERSKINE LEROY JOHNSON,)

Appellant,

VS.

STATE OF TENNESSEE,

Appellee.

C.C.A. NO. 02C01-9707-CR-00292

SHELBY COUNTY

HON. WILLIAM H. WILLIAMS,,
JUDGE

(Post-Conviction, Death Penalty)

## DISSENTING OPINION

I respectfully dissent from that portion of the opinion which concludes that a remand for resentencing is necessary.

I agree that the crime scene report suppressed by the State was favorable to the Defendant and therefore should have been provided to the defense. I cannot agree, however, that had this report been disclosed to the defense, there is a reasonable probability that the jury would not have sentenced the Defendant to death.

The Defendant and another armed gunman entered a grocery store for the purpose of robbery. Several customers were in the store. The Defendant fired more than one shot, killing the store owner as he stood behind the counter. The withheld crime scene report tends to establish that a shot which grazed a customer was not fired from the same spot where the Defendant stood when he shot and killed the store owner. Although this evidence suggests that perhaps

the Defendant did not fire the shot which grazed the customer, I cannot conclude that had this report been furnished to the defense, there is a reasonable probability that the jury would not have found that the Defendant created a great risk of death to two or more persons other than the victim, during this felony-murder. I also agree with the State's argument that this Defendant, based on his participation in this armed robbery and felony-murder, is responsible for the acts of his co-defendant such that this aggravating circumstance would apply even if the co-defendant fired the shot which grazed the customer. The Defendant knowingly created the great risk to others during his act of felony-murder when he entered the store with his armed cohort. Thus, even though this is not the precise issue before us, I cannot conclude that had the crime scene report been disclosed, it is reasonably probable that the jury would not have found the existence of the great-risk aggravating circumstance.

The issue before this Court is whether there is a reasonable probability that, had the crime scene report been furnished to the defense, the jury would not have imposed the death penalty on the Defendant for killing the store owner during this robbery. As the majority notes, a resolution of this issue also involves the harmless error analysis established by the supreme court in State v. Howell, 868 S.W.2d 238 (Tenn. 1993).

Even if we totally discount the great-risk aggravating circumstance, the remaining aggravator—that the Defendant was previously convicted of felonies involving violence to the person—was very strong. The jury heard proof of seven such prior convictions, including one count of robbery, three counts of assault with a firearm, and two counts of attempted murder.

As the majority notes, our supreme court has stated that the effect and qualitative persuasiveness of the prior violent felony aggravator increases when there is more than one prior violent felony conviction. State v. Nichols, 877 S.W.2d 722, 738 (Tenn. 1994). The supreme court has on several occasions found a Middlebrooks error to be harmless when the only remaining aggravating circumstance was prior violent felony convictions. See State v. Boyd, 959 S.W.2d 557 (Tenn. 1998); State v. Cribbs, 967 S.W.2d 773 (Tenn. 1998); State v. Howell, 868 S.W.2d 238 (Tenn. 1993); see also Harris v. State, 958 S.W.2d 799 (Tenn. Crim. App. 1997).

The majority concludes that because "the felony murder aggravator is clearly erroneous and the great risk aggravator was arguably misapplied, we are unable to conclude that the jury would have sentenced the Defendant to death based solely on the prior violent felonies aggravator." Because I do not find that the suppressed crime scene report puts this case in such a different light as to undermine confidence in the jury's verdict, I cannot agree.

I would affirm the sentence of death.

_____
DAVID H. WELLES, JUDGE