# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### AUGUST SESSION, 1997



FILED

December 4, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| MICHAEL ANGELO COLEMAN, | ) | C.C.A. NO. 02C01-9611-CR-00395 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. JOE B. BROWN, JR. |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction - First Degree |
| | ) | Felony Murder) |

FOR THE APPELLANT:

MICHAEL J. PASSINO
213 Fifth Avenue, North
Nashville, TN 37219

APRIL FERGUSON
Assistant Federal Defender
100 North Main Bldg.
Suite 410
Memphis, TN 38103

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

JOHN P. CAULEY
Assistant Attorney General
425 Fifth Avenue, North
Nashville, TN. 37243

WILLIAM L. GIBBONS
District Attorney General

JOHN W. CAMPBELL
District Attorney General
201 Poplar Street
Memphis, TN 38103

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

The appellant, Michael Angelo Coleman, appeals the Shelby County Criminal Court's order denying his second petition for post-conviction relief. In 1980, Appellant received a death sentence after he was convicted of first degree felony murder. On appeal, he claims that he is entitled to a new sentencing hearing due to the jury's erroneous reliance on the felony murder aggravating circumstance to support the imposition of the death penalty. *See* State v. Middlebrooks, 840 S.W.2d 317 (Tenn. 1992). After a thorough review of the record, we find no reversible error and affirm the judgment of the trial court.

## BACKGROUND

The proof at trial, as set out by our Supreme Court on direct appeal, was as follows:

> Appellant and his codefendant were convicted of the killing of Leon Watson during a robbery, which occurred in Memphis, Tennessee, on May 2, 1979. That morning, Mr. Watson left his home to go to a nearby grocery store. He did not return. At about 10:00 p. m. Mrs. Watson was contacted by a representative of the Memphis Police Department and was taken to view a white 1964 Buick automobile, which she identified as being that of her husband's. Blood was found on the seat and floor of the automobile, and a bullet was found in the left door.

> Appellant and codefendant Bell were arrested about one hour later on another charge. The next morning, at about 5:15 a. m., both appellant and Bell were advised of their Miranda rights. Appellant then told the officers of finding a body of a black man in a field near Third Street in Memphis. He directed officers to the scene where they found the body of Mr. Watson. Mr. Watson's empty billfold was on the ground near his body. Items from Mr. Watson's

automobile were strewn around the body, indicating the automobile had been ransacked before it was driven from the scene.

Appellant was advised again of his Miranda rights. Thereafter, he confessed to shooting and killing Mr. Watson in Mr. Watson's automobile. He also admitted going through the victim's billfold after the shooting, and stated he had removed the C.B. radio from the automobile, but had decided not to keep it.

Codefendant Bell, in his statement to the police and in his testimony at the trial, named appellant as the man who shot and killed Mr. Watson. He also testified that a pistol belonging to Mr. Watson was taken after the shooting and that appellant had taken the gun to his grandmother's house.

State v. Coleman, 619 S.W.2d 112, 113-14 (Tenn. 1981). At the sentencing hearing following Appellant's conviction, the jury found two (2) aggravating circumstances to be applicable, namely: (1) that the appellant was previously convicted of one or more felonies involving violence, Tenn. Code Ann. § 39-2404(I)(2) (Supp. 1977); and (2) the murder was committed while the appellant was engaged in committing a robbery, Tenn. Code Ann. § 39-2404(I)(7) (Supp. 1977).[1] After finding no mitigating circumstances that would outweigh the aggravating ones, the jury imposed a sentence of death. Appellant's conviction and death sentence were affirmed by the Tennessee Supreme Court. State v. Coleman, 619 S.W.2d at 116.

Subsequently, Appellant filed his first petition for post-conviction relief alleging numerous constitutional errors, including an ineffective assistance of counsel claim. The trial court denied relief, and this Court affirmed on appeal. State v. Michael Angelo Coleman, C.C.A. No. 31, Shelby County (Tenn. Crim. App. filed June 28, 1984, at Jackson). Permission to appeal was denied by the Tennessee Supreme Court on October 29, 1984.

_____

[1] These aggravating circumstances are presently codified at Tenn. Code Ann. §39-13-204(I)(2) and (7).

-3-

Thereafter, the Tennessee Supreme Court issued its opinion in State v. Middlebrooks, which held that when a defendant is convicted of first degree murder "solely on the basis of felony murder," the felony murder aggravating circumstance "does not narrow the class of death-eligible murderers sufficiently under the Eighth Amendment to the U.S. Constitution, and Article I, § 16 of the Tennessee Constitution," and as a result, that aggravating circumstance is unconstitutionally applied where the death penalty is imposed for first degree felony murder. 840 S.W.2d at 346.

In May 1993, Appellant filed his second petition for post-conviction relief, claiming that his death sentence should be overturned due to the Middlebrooks error at his sentencing hearing. Appellant raised various other issues and also requested the opportunity to present additional mitigation proof. The trial court found that the Middlebrooks error was harmless and denied relief. The court also noted that the other issues, including that regarding ineffective assistance of counsel at trial, were barred by the statute of limitations. From the trial court's ruling, Appellant brings this appeal.

## MIDDLEBROOKS ERROR[2]

Appellant contends that he is entitled to a new sentencing hearing because of the unconstitutional reliance on the felony murder aggravating circumstance pursuant to State v. Middlebrooks, *supra*. He claims that a harmless error analysis is inappropriate in this case and further argues that he has an interest in having a jury, not this Court, determine his sentence. Additionally, he urges

---

[2] This issue is properly before this Court under Tenn. Code Ann. § 40-30-105 (1990), in that the holding in Middlebrooks is to be applied retroactively. Barber v. State, 889 S.W.2d 185, 187 (Tenn. 1994).

this Court to allow him to present additional mitigation evidence to support his claim that the <u>Middlebrooks</u> error was not harmless.

**A.**

It is undisputed in this case that a <u>Middlebrooks</u> error occurred at Appellant's sentencing hearing. Because Appellant was convicted "solely on the basis of felony murder," the jury's consideration of the felony murder aggravating circumstance in sentencing was constitutionally invalid. <u>State v. Middlebrooks</u>, 840 S.W.2d at 346.

However, this does not end this Court's analysis. In <u>State v. Howell</u>, 868 S.W.2d 238 (Tenn. 1993), the Supreme Court held that a harmless error analysis is appropriate in determining whether resentencing is required as a result of a <u>Middlebrooks</u> error. A capital sentencing jury's consideration of an invalid aggravating circumstance may be considered harmless only if the appellate court concludes, beyond a reasonable doubt, "that the sentence would have been the same had the sentencing authority given no weight to the invalid aggravating factor." <u>State v. Howell</u>, 868 S.W.2d at 260 (citing <u>Stringer v. Black</u>, 503 U.S. 222, 230, 112 S.Ct. 1130, 1137, 117 L.Ed.2d 367 (1992)). In making this determination, the appellate court should consider "the number and strength of remaining valid aggravating circumstances, the prosecutor's argument at sentencing, the evidence admitted to establish the invalid aggravator, and the nature, quality and strength of mitigating evidence." <u>Id.</u> at 261.

Applying a <u>Howell</u> analysis to the case *sub judice*, we begin with the number and strength of the remaining valid aggravating circumstances. The sole remaining aggravating circumstance upon which the jury relied was that Appellant had previous convictions of felonies involving the use of violence. Tenn. Code Ann. § 39-2404(I)(2) (Supp. 1977) (currently Tenn. Code Ann. § 39-13-204(I)(2)).

Appellant had six (6) prior violent felony convictions, including three (3) jury convictions for assault with intent to commit murder in the first degree, one (1) jury conviction for assault with intent to commit robbery with a deadly weapon, one (1) jury conviction for robbery with a deadly weapon and one (1) jury conviction for kidnapping. The Howell court recognized that the number of remaining aggravating factors was not as important as "the qualitative nature of each circumstance, its substance and persuasiveness, as well as the quantum of proof supporting it." Howell at 261. Furthermore, the Court noted that the remaining valid aggravating circumstance in this case, prior felony convictions involving violence, is by its very nature "more qualitatively persuasive and objectively reliable than others." Id. Moreover, the qualitative nature of the aggravating circumstance increases with the number of prior violent felony convictions. Id. Six prior violent felony convictions makes this remaining aggravating factor strong indeed.

Secondly, with regard to the prosecution's argument at sentencing, the record reveals that the prosecutor did not overly emphasize the invalid felony murder aggravating circumstance in his closing argument at sentencing. In fact, out of approximately thirteen (13) pages of the prosecution's argument at closing, this aggravating circumstance was mentioned only once. The remainder of the state's argument focused primarily on Appellant's prior violent felony convictions.

Additionally, the state produced no additional evidence at sentencing to support the invalid felony murder aggravating circumstance. The state merely relied upon the evidence produced during the guilt phase of the trial. In Howell, the Court observed:

> [e]ven though the jury cannot weigh the invalid aggravating factor against any mitigating factors, the jury can properly consider evidence of the circumstances of the crime and the character of the

-6-

> defendant in making an individualized determination of whether the death sentence is justified. . . In that respect, an aggravating factor which duplicates the elements of the underlying crime has less relative tendency to prejudicially affect the sentence imposed than invalid aggravating factors which interject inadmissible evidence into the sentencing calculus, or which require the sentencing jury to draw additional conclusions from the guilt phase evidence.

Id. at 261 (citations omitted).

Finally, there was very little mitigating evidence presented on Appellant's behalf at sentencing. There was testimony indicating that Appellant had an unstable family life and difficulties in school. However, the psychological testimony merely showed that Appellant was competent to stand trial and was not legally insane.

We find this case to be closely analogous with the recent case of State v. Boyd, 959 S.W.2d 557 (Tenn. 1998), wherein the Supreme Court upheld the defendant's death sentence after finding a Middlebrooks error. In that case, the jury found the same two (2) aggravating circumstances to support the imposition of the death penalty as the jury did in this case. After finding a Middlebrooks error, the Boyd court conducted a harmless error analysis pursuant to Howell. 959 S.W.2d at 560-62. The Court noted that the defendant in Boyd had one previous conviction for second degree murder, a violent felony. Id. at 561. In the present case, the appellant had six (6) prior violent felony convictions. Furthermore, as in this case, the prosecution's argument on the invalid aggravating factor was limited, and the state presented no additional evidence in support of that factor at the sentencing hearing. Id. at 561-62. Moreover, there was little mitigating evidence presented on behalf of the defendant in the Boyd case. Id. at 562.

After considering all of the Howell factors in conjunction with the analysis in Boyd, we conclude beyond a reasonable doubt that the sentence would have

been the same had the jury not considered the invalid aggravating factor. This issue is without merit.

**B.**

In connection with his argument that harmless error review is inappropriate in this case, Appellant further asserts that he has a state-created liberty interest in having a jury determine whether he should receive the death penalty. In support of this argument, he cites the case of <u>Rickman v. Dutton</u>, 854 F.Supp. 1305 (M.D. Tenn. 1994). However, in <u>State v. Boyd</u>, the defendant made the identical argument as that raised by Appellant. The Supreme Court rejected the defendant's argument, stating:

> [t]he case cited by the defendant in support of his argument, <u>Rickman v. Dutton</u>, 854 F.Supp. 1305 (M.D. Tenn. 1994), however, recognizes that even if a due process liberty interest exists on the basis of these statutory provisions, constitutional harmless error analysis is not precluded. We, therefore, disagree with the defendant's assertion that these statutory provisions preclude appellate review of the sentence. Moreover, the United States Supreme Court has repeatedly held that constitutional harmless error analysis is appropriate in this context, provided that it preserves the constitutional requirement of individualized sentencing. *See, e.g.*, <u>Stringer v. Black</u>, 503 U.S. at 232, 112 S.Ct. at 1137-38 (1992); <u>Clemons v. Mississippi</u>, [494 U.S. 738, 753, 110 S.Ct. 1441, 1450-51, 108 L.Ed.2d 725 (1990)].

<u>Id.</u> at 562-63.

This issue has no merit.

**C.**

Appellant also makes a novel argument that this Court should allow him to present additional mitigation evidence to support his allegation that the <u>Middlebrooks</u> error was not harmless. He claims that his trial attorney failed to present adequate mitigating evidence during the sentencing hearing. He contends that if this Court were to consider all of the possible mitigation evidence

that was not presented to the jury, then we could not conclude that the error was harmless.

It appears that Appellant is attempting to relitigate his claim of ineffective assistance of trial counsel. Appellant contended that trial counsel was ineffective in his failure to present adequate mitigation evidence in the first petition for post-conviction relief, and this Court concluded that trial counsel was competent in that respect. State v. Michael Angelo Coleman, C.C.A. No. 31, slip op. at 23. As such, this issue has been "previously determined" by a court of competent jurisdiction and may not be presented again. See Tenn. Code Ann. § 40-30-112(a) (1990).

Nonetheless, this Court conducts harmless error review on the record as it is presented to us. We are not at liberty to consider extraneous information not presented at trial to determine if the error was, in fact, harmless. We must review cases as they are, not as they might have been.

This issue is without merit.


## OTHER ISSUES


Finally, Appellant assigns as error the trial court's dismissal of numerous other issues on the basis that they are barred by the statute of limitations. Specifically, the appellant claims that trial counsel failed to properly investigate and present mitigating evidence at trial. He also contends that the trial court erred in refusing his request for investigative assistance and in refusing to allow trial counsel to introduce relevant mitigation evidence. He further alleges that his right to seek expert and investigative assistance was not recognized until 1995

when the Supreme Court issued its opinion in <u>Owens v. State</u>, 908 S.W.2d 923 (Tenn. 1995); therefore, this claim cannot be barred by the statute of limitations.

Initially, we note that Appellant's claims regarding trial counsel's failure to investigate could have been presented in his prior petition for post-conviction relief, but were not. As such, they are waived. Tenn. Code Ann. § 40-30-112(b) (1990). The same is true with regard to the alleged trial errors. These issues are waived for failure to present them in a prior proceeding.[3] Tenn. Code Ann. § 40-30-112(b) (1990). Moreover, as we have previously noted, Appellant's claim that trial counsel was ineffective in failing to present mitigation evidence was "previously determined" in his first petition for post-conviction relief. Tenn. Code Ann. § 40-30-112(a) (1990). Additionally, we agree with the trial court that these issues are barred by the three (3) year statute of limitations. Tenn. Code Ann. § 40-30-102; *see* <u>Abston v. State</u>, 749 S.W.2d 487, 488 (Tenn. Crim. App. 1988).

Appellant also claims that his right to seek expert and investigative assistance was not recognized until the Supreme Court issued its opinion in <u>Owens v. State</u>, *supra*. However, in <u>Owens</u>, the Court recognized that indigent defendants have a <u>statutory</u> right to investigative and expert services in a post-conviction capital cases. 908 S.W.2d at 929. Post-conviction relief is only available when the conviction or sentence is void or voidable due to the abridgement of a <u>constitutional</u> right. Tenn. Code Ann. § 40-30-105 (1990). Therefore, the right recognized in <u>Owens</u> is not cognizable in a post-conviction proceeding and this issue is not properly before this Court.

---

[3] Trial counsel raised the issue of the trial court's failure to allow investigative assistance in the motion for new trial. However, the issue was not pursued on appeal.

**CONCLUSION**

We conclude that the appellant would have received the same sentence had the jury not considered the invalid felony murder aggravating circumstance. Furthermore, the remainder of Appellant's issues have been either waived, previously determined, barred by the statute of limitations or are not cognizable in a post-conviction petition. Accordingly, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE


CONCUR:


_____
DAVID G. HAYES, JUDGE


_____
THOMAS T. WOODALL, JUDGE