# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00646-CV

### C. O., Appellant

### v.

### Texas Department of Family and Protective Services, Appellee

### FROM THE 21ST DISTRICT COURT OF LEE COUNTY, NO. 16,773, THE HONORABLE CARSON TALMADGE CAMPBELL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant C.O. (the mother) appeals from the district court's order terminating her parental rights to her one-year-old son, A.H. (the child). The district court terminated the mother's parental rights following a bench trial.

At trial, the Department presented evidence that the mother had tested positive for methamphetamines in June and August 2018, while she was pregnant with the child. Based on the positive drug tests, as well as an admission by the mother that she and the father of the child had sold methamphetamines prior to the child's birth, the Department filed this suit for protection of the child.[1] While the case was ongoing, the mother was charged with criminal trespass and fraudulent use of identifying information. She pleaded guilty to both charges and

---

[1] The suit was brought against both parents. However, prior to trial, the father voluntarily relinquished his parental rights to the child.

was sentenced to eight months in jail.[2]  After the mother got out of jail, she tested negative for methamphetamines.  However, the mother later tested positive for methamphetamines on June 14 and 28, 2019.  During the mother's testimony, she denied that she had used methamphetamines after her release from jail but admitted to using cocaine while the case was ongoing.

There was also evidence presented that while the mother was in jail, she had been diagnosed with bipolar disorder and psychotic depression.  The mother did not agree with these diagnoses and refused to take medication to treat them.  However, when asked if she had "issues with rage and getting very, very angry," the mother testified, "Yes, I do," and she also agreed that on occasion, she would "just snap and do things" that she would later regret.  The Department also presented evidence that the mother had failed to comply with the terms of her family service plan, including failing to complete a drug-and-alcohol assessment, failing to submit to a psychiatric evaluation, failing to complete individual counseling sessions with a psychiatrist, and failing to complete protective-parenting classes.  Additionally, the mother had missed five scheduled visits with the child.

The child is currently placed with a foster family.  The Department presented evidence that the child has bonded with the foster family, that the foster family provides a stable home for the child, that the Department has no concerns regarding the care the child is receiving in the foster home, and that the Department's goal for the child is adoption by the foster parents.

---

[2] The mother had an extensive criminal history dating back to 2006.  The Department entered into evidence eighteen exhibits, all of which were either judgments of conviction, orders placing the mother on community supervision, or orders revoking the mother's community supervision.  Additionally, in September 2019, shortly before the termination case went to trial, the mother was arrested for assault.

At the conclusion of trial, the district court found that termination of the mother's parental rights was in the best interest of the child and that the mother had: (1) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangered the physical or emotional well-being of the child; and (2) failed to comply with the provisions of a court order that specifically established the actions necessary for the mother to obtain the return of the child. *See* Tex. Fam. Code § 161.001(b)(1)(E), (O), (2). This appeal followed.

The mother's court-appointed counsel on appeal has filed an *Anders* brief, concluding that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeals from termination of parental rights because it "strikes an important balance between the defendant's constitutional right to counsel on appeal and counsel's obligation not to prosecute frivolous appeals" (citations omitted)). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. *See* 386 U.S. at 744; *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied). The mother's counsel has certified to this Court that he has provided the mother with a copy of the *Anders* brief and informed her of her right to examine the appellate record and to file a pro se brief. No pro se brief has been filed.

Upon receiving an *Anders* brief, we must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Taylor*, 160 S.W.3d at 647. We have reviewed the entire record, including the *Anders* brief submitted on the mother's behalf. We have found nothing in the record that might arguably support an appeal, and we agree with counsel that the appeal is

3

frivolous.  Accordingly, we affirm the district court's order terminating the mother's parental rights.[3]

_____

Gisela D. Triana, Justice

Before Chief Justice Rose, Justices Triana and Smith

Affirmed

Filed:   January 24, 2020

---

[3] Counsel's obligation to the mother has not yet been discharged.  *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam).  If the mother, after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief."  *See id*. at 27-28.